OPINION of the Court, by
Judge Bibb.
— The question to be decided grows out of this statement:
An indictment for trespass of assault and battery was found against Hutcheson, with this note at the foot, “ this indictment is filed on the information of Lawrence Snapp, of Green county, laborer, summoned and sworn to give evidence to the grand jury/’ After issue on the plea of not guilty, and the jurors were in part sworn, (as the bill of exceptions states) the indictee moved the court “ to require a prosecutor, or otherwise to dismiss the indictment the motion was sustained, and no prosecutor being named, the court dissmissed the indictment, to which the attorney for the commonwealth excepted.
To prevent vexatious prosecutions for petty misdemeanors, by thos. who would willingly convert the process of the commonwealth into an engine of malice and private resentment, provided they could stand behind the curtain secure from costs, it has been enacted among other things that “ the name and sirname of the prosecutor, and the town and county in which he shall reside, with his title and profession, shall be written at the foot-- of every bill of indictment for any trespass or misdemeanor, before it be presented to the grand jury — - Brad. E. L. K. p. 199, sec. 38. And it is further provided (sec. 39) that the prosecutor shall be subject to costs in case the prosecution is not effectual or the in-dictee is in any manner acquitted.
Snapp, who was summoned to give evidence, cannot be considered as the prosecutor required by law. No - man can be made a prosecutor against his will, but every man is bound to obey the process of the law. If Snapp was the prosecutor or willing to become so, it was easy to have named, him : for the motion was only in the alternative, not for a peremptory dismission. The case does not require us to decide whether the naming a prosecutor after indictment would have been sufficient in case the defendant had made a motion for a peremptory dismission. The time at which the motion was made, makes no answer, it could not be too late until the petit jury had retired from the bar.
Judgment affirmed.