*330 OPINION of the Court, by
Judge Owsujy.
This suit was brought in the court below by Pindell upon a promissory note executed by Duncan to David Williamson*
Yo leafed felt him-feif bound ⅛ ^Vafe ¡¡e not re. cover oftbema, áer h¡m ¡ncomI petent ¾ ioalfo ⅛”0„01. to°pay the maker if he ó <⅝⅜⅛ ⅛⅜
one who give* currency to * c^noth^ t?cciycd as a witness to In. not aPPiy ⅛ tender.the wit-nes* lnc°“P«-fafts, unless ha b? ⅛⅞⅛
The trial was had in that court on -an issue to a plea of accord and satisfaction^ alleged to have been made by Duncan with Williamson before notice of the assignment to Pindell.
To prove the accord and satisfaction was not before notice, Pindell introduced Williamson, and before he was examined, tendered to him a release discharging and acquitting him of all accountability mi account of the assignment. Notwithstanding this, however, at the instance of Duncan, Williamson was sworn on 1ns voire dire, and upon his examination said he had known nothing of the release until it was tendered to him; and although in legal estimation, he might in consequence thereof be discharged from any liability, yet he felt himself in honor hound to compensate Pindell if he Should fail to recover of Duncan j and that furthermore he observed, if Duncan had the demand to pay he expected to reimburse him, and that he did not think him.self interested in either way,
The admission of Williamson’s evidence in chief was however objected to by Duncan, but the court overruled the. objection and permitted the evidence to go to the jury: and whether the evidence should have been ex-eluded, is the only question presented for the determination of this court.
In whatever point of view this case may he considered, we are of opinion the evidence of Williamson was clearly admissible. He having put liis name upon the note h¡y endorsing it, certainly cannot render him incompetent for the purpose he was introduced: for ál-though, according to the opinion of some judges, instruments of writing are not allowed to be invalidated by the evidence of those who have ¡put their names to them; according to the opinion of none is such evidence inadmissible to prove * fact subsequently intervening, unless on account of liis interest the witness ⅛ incompetent.
Because of liis interest Wifliarnson was certainly not incompetentfor whatever might have been his situation in that respect, when he was called upon to give evidence, the release which was then given by remqving his liability as assignor, inest clearly restored his competency. — Peek’s Evid. 1<56.
The circumstance of his supposing after the rcleasa mas executed, that ⅛ was under honorary obligations *332 to Pindell, cannot affect the case: for as by tendering' the release Pindell did every thing in his power to take away the interest of Williamson, even a refusal by him to accept it, much less a notion of honorary obligation, could not have prevented hisexamination. — Peek’s E vid. 158. But if such an idea of accountability could under different circumstances render the witness incompetent, as in this case he supposed himself equally liable to each party, he must be indifferent between them, and as such an admissible witness.
Judgment affirmed.