Judge Ewing
delivered the Opinion of the Court.
An indictment was . found against Gore, for an assault anc[ battery on James Ross; and at the foot of the indictment, Peter C. Updike was set down as prosecutor, without stating the town or county in which he resided, or his title or profession, as required by the statute. 1 Statute Law, 531, 542.
The counsel for Gore moved the Court to require the prosecutor to give security for costs; which was granted, and bond and security executed. Whereupon, he moved the Court to quash the indictment, because of the residence and title or profession of the posecutor not being attached to the name of the prosecutor. The *475 Court overruled the motion, and the first question is— was this opinion of the Court correct?
The name of a prosecutor, (who will be answerable for costs,) the town or county in which he resides, with his title or profession, must be written at the foot of every indictment for a trespass upon the person oí property ofan individual ; and 'an omission of his addition is a fatal defect — not cured-by security fog the costs required of, and given by, the prosecutor.
One who Ja» undertaken, before a prosecution is commenced, to indemnify the prosecutor,iu case he has the costs-to pay, is not a competent witness, in the case. The íule that a party cannot be deprived of testimony to which he has a right, by any agreement between his adversary and the witness, does not apply, as the Com’th’s right to the testimony does not accrue till the indictment is found. But—
The statute, in express terms, requires that the name and description, as well as the place of residence, of the prosecutor, shall be set at the foot of the indictment, before it be presented to the grand jury, and it is not within the province of this Court to dispense with the requisition, or adopt other means to attain the object and intention of the Legislature, in penal prosecutions, than they have prescribed. 1 Bibb, 355, Hutchison vs. the Commonwealth; 2 Bibb, 210, Allen vs. the Commonwealth. For the above defect, it has been expressly determined by this Court, in the above cases, that the defendant has a right to move to quash the indictment at any time before the jury retire from the bar; and we cannot say, because the defendant has exercised the legal privilege of exacting security for costs from the prosecutor, that this prerequisite in the indictment, is thereby amended, or that he shall be deprived of the legal right to object to it on that account.
Updike was induced to become the prosecutor, in this case, at the instance and request of Ross, the injured party; but who made no agreement, and had no understanding with him, expressed or'implied, that he would pay the costs, or indemnify Updike against them; but only said, he never would permit any person to suffer by. being his friend — that he felt morally bound to pay him any costs that he might incur, and expected to do so, but was under no promise, or obligation so to do;, upon which state of faGts, Ross was objected to as a witness.
And two questions are made upon this objection: first — can the injured party deprive the Commonwealth of the benefit of his testimony, by agreeing to indemnify the prosecutor against the payment of the costs?
Second. If he can, is Ross in this case an incompetent witness?
If a prosecutor, who is liable for costs, is incompetent, on the score of interest, we can see no propriety, in permitting a person, who has agreed before the prosecution is commenced, to indemnify him against his liability, to give evidence. He is interested to the same extent. *476 And- though it may be true, as a general proposition^ that a party interested, in the testimony of a witness, cannot be deprived of his evidence, by any arrangement between, the witness and his adversary, without his concurren.ce or assent, the rule does not apply in this case. The proceeding, though per forma, in the name of the Commonwealth, is for a personal injury, which the Commonwealth is not bound to prosecute, but on the condition that a responsible prosecutor is furnished, who is made liable by law for the costs. Until the prosecutor is furnished, there cannot be said to be a vested interest in the Commonwealth, in the testimony of-the witness. And the agreement to indemnify, being made before, cannot be properly construed, to divest the Commonwealth of a vested interest in the testimony of the witness.
To- render tile witness incompotent from mterest, because-of his obligation prosecutor,' his beluch'ás^wílf or as he thinks binding. Armero honorary ormordeternfinatíón0 to save the prosecunot have that efto^the1'credit of the witness..
But on the second point, we are clear that there was no such legal interest on the part of Ross as to render , . him- incompetent as a witness.
His obligation to pay the costs, was not legal but honorary, and goes to his credit and not to his competency’ Bor nothing less than a legal interest, or a belief on the part of the witness that he is legally intereste(*5 will exclude for incompetency on the score of interest., Starkie, IV 744—5-6; 4 Bibb, 330, Duncan vs. Pindell; 4 Bibb, 445; 2 J. J. Marshall, 391; 2 Munford 148; 2 J. J. Marshall, 390.
As the motion to. quash the indictment was improperly overru'ei^ ^Y the Circuit Court, and a verdict found for the defendant, though upon the improper exclusion of the testimony of Ross; it is the opinion of this Court that the judgment of the Circuit Court be affirmed..