MATHENY *v.* WESTFALL.

The Circuit Court having determined there was no variance in this case, the Supreme Court, under the circumstances, refused to interfere.

If the payee of a note assign it, and the assignee sue the maker,—the plaintiff having released the payee, may examine him as a witness to prove the execution of the note.

ERROR to the *Owen* Circuit Court.

SULLIVAN, J.—This was an action of assumpsit on a promissory note, commenced by *Westfall,* assignee of *Goodin,* against *Henry Matheny* and one *Gabriel Johnson* before a justice of the peace. *Matheny* appeared, and by proper plea denied the execution of the note. On the trial, the justice of the peace gave judgment against *Matheny;*—against *Johnson,* judgment was taken by default. The case was appealed to the Circuit Court, where the judgment of the justice of the peace was affirmed.

On the trial in the Circuit Court, the plaintiff introduced *Goodin,* the payee of the note, who was released by the plaintiff, as a witness to prove its execution. The defendant objected to the introduction of *Goodin* as a witness, but the Court overruled the objection and admitted him. The plaintiff also introduced in evidence the note on which the suit was founded; to the introduction of which the defendant objected, because the note offered in evidence purported to be a note signed by " *John Johnson* and *Hervy Matty,* and not by *Gabriel Johnson* and *Henry Matheny.* " This objection was also overruled by the Court, and the note admitted in evidence.

The plaintiff seeks to reverse the judgment of the Circuit Court, first, because there is a variance, as he contends, between the note produced in evidence, and the note described in the plaintiff's cause of action; and, secondly, because the payee of the note, *Goodin,* was admitted as a witness on the trial to prove its execution.

On the first point, it may be sufficient to say that we have no evidence that the variance insisted on by the plaintiff exists. The Circuit Court, who by consent of parties tried the cause, having determined from an inspection of the original paper, and the testimony of witnesses sworn on the trial, that the note was signed by the defendants, as described in the plain-

May Term, 1838.

tiff's cause of action, we do not feel authorised, under the circumstances of this case, to interfere with that determination.

On the second point, that is, whether the payee of a note who has assigned it to a third person, may, on being released from all liability, be a witness in a suit between the assignee and the maker to prove the execution of the note,—we think the law is settled that he may. The objection to the competency of a witness on the ground of interest, may be removed at any time before he is sworn by an extinguishment of that interest, by means of a release. If, in the present case, *Goodin* was an incompetent witness, it was because as assignor of the plaintiff he would be liable to him on the contract of assignment, in case the plaintiff did not recover against the defendants. But so soon as *Westfall* released him from that liability, his interest in the event ceased, and his competency was restored. The Court of Appeals of *Kentucky*, in *Duncan* v. *Pindell*, 4 Bibb, 330, and in *Ford* v. *Hale*, 1 Monroe, 23, has so decided; and we think those decisions are, upon principle, correct. Stark. Ev. part 4th, p. 758, and notes, p. 1061, and notes.

*Per Curiam.*—The judgment is affirmed with 5 *per cent.* damages and costs. To be certified, &c.

*C. P. Hester*, for the plaintiff.

*A. Kinney*, for the defendant.