### WILL MOORE v. THE STATE.

*No. 1300.   Decided December 16th, 1896.*

**Gaming—Evidence as to Private Prosecutors—Bill of Exceptions.**

On a trial for keeping and exhibiting a gaming table, where a witness testified, that he, acting for himself and other citizens, employed a law firm to prosecute these cases; and the defendant asked him to give the names of each of the persons acting with him in said employment of counsel (?) and the answer to which, was, upon objection by the State, excluded. Held: That there was no error, the bill of exceptions not disclosing that it was expected to show, or could have been proved by the witness, that any of the jurors trying the case were parties engaged in the matter of such employment.

APPEAL from the County Court of Lamar.   Tried below before Hon. J. C. HUNT, County Judge.

Appeal from a conviction for exhibiting a gaming table and bank for gaming; penalty, a fine of $50 and ten days' imprisonment in the county jail.

This is a companion case to Kelly v. State, ante p. 480.

[No briefs for either party have come to the hands of the Reporter.]

*Mann Trice*, Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—Appellant was convicted of keeping and exhibiting, for the purpose of gaming, a gaming table and bank, and fined $50, and imprisonment in the county jail ten days; hence this appeal.   This is a companion case to that of Kelly v. State, ante p. 480, and all of the questions raised in this case that we consider material were discussed and decided in said last mentioned case, with the exception of the last assignment of error, which questions the action of the court in refusing to permit appellant to show by D. S. Hammond who the citizens were who employed private prosecution, and whether any juror had any interest in such employment, and whether any juror was related to any person employing said prosecution.   The bill of exceptions shows that D. S. Hammond stated that he employed the firm of Sturgeon, Lee & McCuiston, acting for himself and other citizens of Lamar County, for the prosecution of these cases.   Thereupon appellant asked the witness the following question: "What is the name of each of the persons acting with you, and whom you represented in the employment of said firm?"   The answer to this question was excluded, on objection by the State.   The bill does not show that appellant expected to show that any of the jurors were interested in said prosecution, or had paid anything to have said cases prosecuted.   On the contrary, the bill shows that no member of the jury, nor any officer of the court, except the sheriff, was a member of said committee.   Now, it would have been competent for appellant, in testing the jurors, to have shown by them, or otherwise if he could, that the jurors were interested in the prosecution of said case.   See, McInturf v. State, 20 Tex. Crim. App., 335; Heacock v. State, 13 Tex. Crim App., 97.   The bill, as stated, does not disclose that it could have

· been proved by said Hammond that any of said jurors were so interested; nor is it shown that any juror was questioned as to this matter, much less disqualified. There was no error in this action of the court. The judgment is affirmed.

*Affirmed.*