CHARLES E. DUKE v. THE STATE.

. No. 1918. Decided May 2, 1900.

**1. Daytime Burglary—Entry by Door—Force—Charge.**

On a trial for a daytime burglary defendant is not injured by the refusal of the court to give his special instruction to the effect that the jury should acquit if they had a reasonable doubt as to whether defendant made the entry through an open door, where the court in the charge given limited the consideration of the jury to a burglary committed by breaking and which sufficiently covered the proposition stated in the special instruction. (But see infra, paragraph 4.)

**2. Same.**

If a door be shut and simply held in position by its own pressure upon the side and facing, a sufficient force and breaking to constitute a daytime burglary is established if defendant pushed, pulled, or shoved it open with burglarious intent.

**3. Same—Charge—Accomplice.**

When the indictment for burglary alleged the ownership of the house and property in one H., if H. consented to the entry he could not be an accomplice, since there could in such event have been no burglary, and a charge of court instructing the jury to acquit if H. consented to the entry of the house and taking of the property properly presented the law as to the question of H.'s consent, and it was not error to refuse an instruction with reference to H. as an accomplice.

ON MOTION FOR REHEARING.

**4. Burglary—Entry by Open Door—Charge.**

On a trial for burglary, where defendant's evidence clearly shows that the door of the house burglariously entered was open, it was error to refuse to give in charge to the jury a special requested instruction to the effect that they should acquit defendant if they had a reasonable doubt as to whether the door was open and the defendant thus made the entry. Defendant had the right to a distinct substantive charge upon this defense, which was not so presented in the charge of the court.

APPEAL from the District Court of Archer. Tried below before Hon. A. H. CARRIGAN.

Appeal from a conviction of burglary; penalty, three years imprisonment in the penitentiary.

The case is sufficiently stated in the opinion.

*L. H. Mathis, C. B. Felder,* and *J. H. Barwise, Jr.,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of burglary, and his punishment assessed at confinement in the penitentiary for a term of three years.

Appellant insists that the court erred in refusing to instruct the jury in his charge that, if they should find and believe from the testimony that the door of the granary was open, and defendant made the entry through the open door, or if they had a reasonable doubt of said facts, they should acquit. The indictment charges that defendant "did then and there unlawfully, by force, threats, and fraud, break and enter the house there situated and owned by Charley Howard, without the

consent of the said Charley Howard," etc.    Under article 838, Penal-
Code, a burglary at night may be committed by three distinct methods,—
either by force, threats, or fraud.    Article 839 provides that one is
guilty of burglary who, with intent to commit a felony or theft, by
breaking enters a house in the daytime.    In Smith v. State, 34 Texas
Criminal Reports, 124, we held that where an indictment for burglary
contained two counts, one for a nighttime and one for a daytime bur-
glary, and the evidence clearly established nighttime, and also that the
breaking was by force, it was immaterial whether the entry was by night
or day, and it was not error for the court to refuse to define "nighttime,"
and instruct the jury to acquit if they had a reasonable doubt as to the
time.    See, also, Buchanan v. State, 24 Texas Crim. App., 195; Martin
v. State, 21 Texas Crim. App., 1.    In Carr v. State, 19 Texas Criminal
Appeals, 658, we said:   "By a close inspection of articles 839 and 940,
it will be seen that by article 839 to constitute burglary there must be
breaking.    This is constituted by an entry with actual force, and this
actual force of breaking must be exerted upon the building or house to
obtain an entrance therein; that is, the force mentioned in article 840
and which is declared a breaking, must be applied to the house, in order
to effect an entrance."    Article 842 defines what the term "breaking"
means, and illustrates the meaning of the statute "by the lifting of a
latch," etc.    The prosecution was based upon a burglary by force act-
ually applied to the house entered.    This may be done without charging
whether the same was done at night or day.    It appears from an in-
spection of the charge that the learned judge defined the term "entry,"
and also the term "breaking," and defined "nighttime" and "daytime."
After so charging the jury, the court continued:   "Now bearing in
mind the foregoing instructions defining 'burglary in the daytime and
nighttime,' 'house breaking,' 'entry,' 'theft,' 'daytime,' and 'nighttime,'
if you believe from the evidence beyond a reasonable doubt that defend-
ant   *   *   *   by force did break and enter the house of Charley How-
ard, or a house which was under the actual care, control, and manage-
ment of Charley Howard, as charged in the indictment, with intent to
commit theft, and without the consent of said Charley Howard, you will
find defendant guilty of burglary," etc.    A careful inspection of this
last quoted charge will show that appellant has not been injured by the
refusal of the court to give the charge complained of, since the charge
of the court limited the consideration of the jury to the fact of a bur-
glary committed by breaking.    The special charge asked by appellant
presents a correct proposition of law, but we think it is sufficiently cov-
ered by the main charge as above stated.    A daytime burglary is not
circumscribed by the illustrations of force used in the statute.    If the
door be shut, and simply held in position by its own pressure upon the
side and facing, it is a sufficient force and breaking to constitute a day-
time burglary to push, pull, or shove it open with burglarious intent.
Sparks v. State, 34 Texas Crim. Rep., 86; Edwards v. State, 32 Texas
Crim. Rep., 389; Daggett v. State, 39 Texas Crim. Rep., 5.

Appellant insists the court should have charged on the law of accomplices. The house burglarized was alleged to be in the care and special ownership of Charley Howard. Appellant insists that said Howard consented to the entry of the house and taking the goods, and himself testified to this fact. Appellant contends these facts would make the prosecuting witness an accomplice. We do not agree with this position, since if any possession was violated it was the possession of Charley Howard. The court, as we understand it, presented the law in the following charge: "Even though you may find and believe from the testimony that defendant broke and entered the house of Charley Howard, as charged in the indictment, and he took therefrom the property as described in the indictment, yet, if you should further find and believe that Charley Howard consented and agreed to the taking of said property, you should acquit defendant." This is all the law that appellant could ask on the subject. In order to make Charley Howard an accomplice, the possession of the property would have to be in some one else than Howard, and he would have to assist, advise, or abet appellant in securing the property, and breaking the house. Here, however, he being in the actual control, possession and management of the property, if he consented to its taking then all the elements of burglary are lacking, and appellant would not be guilty of anything. The evidence is sufficient to support the verdict of the jury, and the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

#### June 13, 1900.

BROOKS, Judge.—At a previous day of this term the judgment in this case was affirmed, and now comes before us on appellant's motion for rehearing. We note appellant insists that the trial court erred in refusing to give the following specially requested charge: "Even if from the testimony you should find that defendant took the property as charged in the indictment, and you further find that said property was taken without and against the consent of Charley Howard, yet if you find and believe from the testimony that the door of the granary was open, and defendant made the entry through the open door, or if you have a reasonable doubt as to whether the door was open, and the entry thus made, then, in any event, you should acquit defendant." The original opinion indicates that this charge was substantially given in the main charge of the court. A careful review of appellant's motion, together with this assignment and the authorities supporting the same, constrains us to believe appellant's contention is correct, that the court erred in refusing to give said special charge. Appellant's evidence clearly shows that the door of the granary was open. If it was, then appellant has the right to a distinct substantive charge upon the law presenting his defense.

The negative as contained in the charge of the court is not sufficient. We therefore hold the court erred in refusing to give said charge, and for this reason the motion for rehearing is granted and the judgment reversed and cause remanded.

*Motion granted. Reversed and remanded.*