## G. A. KING v. THE STATE.

### No. 3394. Decided October 10, 1906.

**1.—Local Option—Jury and Jury Law—Private Prosecutor.**

Where upon trial for a violation of the local option law, it developed after the jury had been empaneled that two of the jurors were related to the prosecuting witness within the third degree and that they and the witness were members of a committee who had employed counsel to prosecute violations of the local option law, there was no error in not excusing the jurors and to proceed with the trial.

**2.—Same—Evidence—Search Warrant—Discovery of Concealed Liquor.**

Upon a trial for a violation of the local option law there was no error in admitting testimony that the witness under a search warrant had made search of defendant's premises where the whisky was alleged to have been sold, and that he found a number of pint bottles of whisky similar in size, appearance and labels to the bottle sold prosecutor, concealed under the floor of defendant's restaurant.

**3.—Same—Impeaching Testimony.**

Where upon trial for a violation of the local option law, all of the impeaching testimony which was of importance was admitted by the court, there was no error in excluding certain statements made by defendant.

**4.—Same—Evidence—Bill of Exceptions.**

Upon appeal from a conviction of a violation of the local option law where the bill of exceptions did not suggest that the facts connected with the defendant's refusal to receive money from another who found it on the table in defendant's restaurant, was not permitted to go to the jury, the same could not be considered; besides it is not believed that this testimony was admissible.

Appeal from the County Court of Wood. Tried below before the Hon. J. O. Rouse.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*M. D. Carlock,* for appellant.

*J. E. Yantis,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of violating the local option law, and his punishment assessed at a fine of $25 and twenty days confinement in jail; hence this appeal.

Appellant has a bill of exceptions that raises the question as to the right of two of the jurors to sit in the trial of his case. During the progress of the trial, and after the jury had been empaneled, the defendant on the cross-examination of the witness L. N. Gilbreath, showed that there was a vigilance committee in the town of Winnsboro, and he belonged to the same; that such vigilance committee had hired Howell & Nabors, attorneys, to prosecute this as well as all violations of the local option law; and that J. D. Gilbreath and Aaron Cain, two of the jurors, were related to said L. N. Gilbreath within the third degree, they being uncles to said L. N. Gilbreath. It was further shown that this was the first information appellant had of this matter. Appellant then asked that the trial be arrested and said two jurors be excused, and their places filled with two other jurors, which the court refused to do. The court explains the bill by stating that said law and order committee employed said firm of Howell & Nabors to assist in prosecuting all violations of law in Winnsboro, and that defendant had an opportunity of testing the qualifications of the jurors upon the point but failed to do so. It seems that this contention is not well taken. It is held in a number of cases that one who contributes to a fund for the employment of counsel to prosecute defendant is not private prosecutor within the meaning of the statute. Heacock v. State, 13 Texas Crim. App., 97; McInturf v. State, 20 Texas Crim. App., 335; McGee v. State, 37 Texas Crim. Rep., 668; Moore v. State, 36 Texas Crim. Rep., 574. Besides the court certifies that appellant had ample opportunity to have ascertained this matter. Taul v. State, 61 S. W. Rep., 394.

Appellant objected to the testimony of Lee Moore, to the effect that under a search warrant he made search of appellant's premises where the whisky is alleged to have been sold, and found thirty-four one-half pint bottles of whisky, similar in size, appearance and labels to the bottle sold prosecutor. These bottles were concealed under the floor of appellant's restaurant. The search was made evidently at the time or before appellant's arrest. The question presents itself, was this character of testimony admissible, under the general objections urged by appellant that it was immaterial and irrelevenat. We think so. In O'Shennessey v. State, 16 Texas Ct. Rep., 423, the court held the admission of evidence of a somewhat similar character was erroneous. However, the testimony in that case was of empty bottles merely found in the back room of appellant's place of business, which had similar labels to those alleged to have been sold by appellant to prosecutor. How

long those beer bottles had been there was not made to appear. The court, in passing, states that the finding of empty beer bottles with similar labels to those alleged to have been sold by appellant, could shed no light as to whether the transfer of the bottles for which appellant was being prosecuted was a gift or sale. Nor would it tend to prove that the contents of the bottles sold in the particular instance was intoxicating. The fact that appellant may have had empty beer bottles in the back of his house could not illustrate any question on the trial of the case. The court says further, in passing on the admission of testimony showing that after appellant's arrest the officers went back to the house where appellant had been arrested, and found that somebody had removed two barrels of beer that had just been opened, and all of the other beer in the house, that said testimony was not admissible, because what somebody else had done was in the absence of the defendant and could not bind him. It would seem, as to the last mentioned matter, it was not attempted to show that the beer in the house was removed by appellant or by his order. In this case the State could not foresee what defenses appellant intended to set up. He might have insisted that there was no liquor in his house, and that he made no sale to the prosecutor. The fact that he had liquor concealed under the floor of his restaurant would certainly be cogent evidence to show that he had liquor at the place where it was alleged that the sale was made. We think that this was pertinent testimony in this particular case. Of course, it was competent for appellant to meet this, as was done by him, by showing that this liquor belonged to other persons, and it was a question for the jury to determine whether it did or not.

By bill of exceptions he complains that the court would not allow his witness Tom Wilcox to state that he did not get the money that was left on the table at defendant's place of business by witness Butler; and that the whisky Butler got belonged to Tom Wilcox and not to the defendant. The court explains this bill by saying that the witness Wilcox testified as an impeaching witness to the effect that Butler said in Carlock's office he did not see King pick up the money, and that King did not sell Butler any whisky, but it was Wilcox' whisky Butler got. That the portion of the testimony to which objection was sustained by the court was the statement made by defendant. It occurs to us from this explanation of the court, that all of the testimony which was of importance was admitted by the court.

Appellant reserved an exception to the court's action in refusing to receive testimony of appellant as to the reason he refused to take 75 cents from Sam Davis, who found said money on the table in his restaurant and tendered it to him. He would have sworn that he did not take it, because it did not belong to him or the firm of King & Holman, and he did not know to whom it belonged. We do not believe appellant's reason for refusing to receive money tendered him by Sam Davis was admissible. The bill does not suggest that the facts

connected with his refusal to receive said money was not permitted to go to the jury, nor all the facts connected therewith. Appellant excepted to the court's charge, but specifies no particular objection. We believe the charge is correct. We have examined the record carefully, and in our opinion the case was sufficiently made out against appellant. The judgment is affirmed.

*Affirmed.*