## ROBERT MALLEY v. THE STATE.

### No. 474. Decided March 9, 1910.

**1.—Burglary—Burglary of Private Residence—Statutes Construed.**

Article 845b, Penal Code, expressly provides that nothing in articles 839a or in 845a, which refer to a private residence, shall in any manner repeal articles 838 and 839, Penal Code, in respect to burglary. Burglary of a private residence is a separate and distinct offense from other characters of burglary mentioned in articles 838 and 839, Penal Code.

**2.—Same—Offense Defined—Force—Insufficient Evidence.**

Where the defendant was indicted under article 838, Penal Code, the burglarious entry must be made by either force, threats or fraud, and the party so entering the house in the daytime remain concealed with the intent of committing felony or the crime of theft, and where the evidence did not support the allegations of the indictment as alleged the same was insufficient to sustain a conviction.

**3.—Same—Charge of Court—Breaking—Force.**

Where, upon trial for burglary under article 838, Penal Code, there was no attempt to show a breaking by any force, and the court charged only in regard to entry by force, there was reversible error. Following Edwards v. State, 36 Texas Crim. Rep., 387, and other cases.

**4.—Same—Bill of Exceptions—Confessions.**

Where, upon appeal from a conviction of burglary, the bill of exceptions did not set out the alleged confession, and the objections thereto were not verified by the court, the same could not be considered.

Appeal from the District Court of Bexar. Tried below before the Hon. Edward Dwyer.

Appeal from a conviction of burglary; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*S. A. Bentley,* for appellant.—On question of court's failure to submit the issue of force and breaking: Bates v. State, 50 Texas Crim. Rep., 568, 99 S. W. Rep., 551; Newman v. State, 55 Texas Crim. Rep., 273, 116 S. W. Rep., 577; Montgomery v. State, 55 Texas Crim. Rep., 502, 116 S. W. Rep., 1160, and cases cited in opinion.

On question of confession: Garrett v. State, 52 Texas Crim. Rep., 255, 106 S. W. Rep., 389.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—The appellant was convicted of burglary, his punishment being assessed at confinement in the penitentiary for a term of five years.

The charging part of the count in the indictment which was submitted to the jury is as follows: That appellant "on or about the 14th day of September, 1909, in the county of Bexar and State of Texas, during the hours of said day, did unlawfully, by force, threats and fraud, enter a house then and there occupied and controlled by Simon Frank, without the consent of the said Simon Frank; and the said Robert Malloy did remain concealed in said house until the night of said day with intent then and there fraudulently to take from said house corporeal personal property therein being and belonging to the said Simon Frank," etc. This indictment was framed under article 838 of the Penal Code, which reads as follows: "The offense of 'burglary' is constituted by entering a house by force, threats or fraud, at night or in like manner by entering a house during the day and remaining concealed therein until night, with the intent, in either case, of committing felony or the crime of theft." The house alleged to have been entered was not a private residence, therefore it does not come within the purview of article 839a. Article 845b expressly provides that nothing in article 839a or in 845a, which refers to a private residence shall in any manner repeal articles 838 and 839 in respect to burglary, nor any part thereof. In fact, articles 839a and 845a were enacted to cover burglary of private residences and to make the same when committed, a separate and distinct offense and punished differently from other characters of burglary mentioned in article 838 and article 839. It will be observed by reading the terms of article 838 above quoted, that in order to constitute the burglarious entry of a house under the provisions of same that the entry must be made by either force, threats or fraud and the party so entering the house remain concealed with the intent of committing felony, or the crime of theft. The evidence adduced in support of these allegations in the indictment, of course, must meet with and sustain them, that is, the facts must support the indictment. The evidence in the record is to the effect that appellant was found in the store of Joske Bros. some time after night by a night watchman. This watchman testifies that he had been informed by other parties about the time of closing the establishment that there was a man in the store; that while making his rounds about 12 o'clock at night he, the watchman, discovered somebody trying to hide himself and called him to halt; that upon disobedience of the command he, the watchman, fired at the intruder, who ran into the watercloset and hid; that he, the watchman, followed him into the watercloset and arrested the party, who proved to be the appellant. The confession of appellant was introduced, which showed that he had gone in the house during the evening, and being tired and suffering from loss of sleep the night before, lay down upon a bench and went to sleep and slept until after the house was closed for the night. He further states in his confession that he was wandering about the house hunting drinking water; that failing to find this he took a hat; that he thought that the Joske Bros. were wealthy

people, and he being poor, they wouldn't miss it, so he appropriated the hat. Without going into a further detailed statement of the evidence this is the substance of the case upon which the State relied for a conviction.

There are quite a number of errors assigned for consideration, but presented as they are, we are of opinion they can not be considered, being too general in their statements. These matters refer to the introduction of evidence, and charge of the court. In respect to the objection to the introduction of the confession the bill of exceptions is as follows: "The State offered in evidence the confession in writing of the defendant, to which the counsel for the defendant objected for the following reasons, viz.: That said confession was not true in fact. 2. That defendant was not warned as provided by statute, but on the contrary was compelled by force and violence to his person to sign the same, and the court overruled said objections and admitted said confession in evidence. That defendant's counsel excepted to said ruling and herewith tenders his bill of exceptions, and asks that the same may be signed and made a part of the record in said cause, which is accordingly done. This, the 29th day of October, 1909.

Edward Dwyer,
Judge 37th Dist. Court of Texas."

This exception is too general, is not specific, does not set out the confession and as presented the grounds of objection are not verified as facts. Upon another trial, if it should occur that this confession is offered, the bill of exceptions can be made explicit so as to show the real grounds of objection and the failure on the part of the officers taking the confession to comply with the law.

The evidence does not support the allegations of the indictment, nor does it show the offense of burglary. In order to constitute the crime of burglary under article 838 of the Penal Code and under the allegations of this indictment, the evidence must show that appellant entered the house either in the day or night-time, and by either force, threats, or fraud, and remained concealed in the house with the intent and purpose of committing a felony or the crime of theft. There is not any evidence in the case that intimates that appellant entered the house by force, threats or fraud. The evidence before us shows that some time about the time of and just before closing the house, appellant was in the house and later was found in the house prowling around and arrested by the night watchman; and the further statement in appellant's confession that he walked in to see some of the managers of the concern during the day looking for employment, and while in there fell asleep, and when he awoke found himself locked up in the house. There was no attempt to show a breaking by any force. The court charged only in regard to entry by force. We hold, therefore, that the evidence is not sufficient to show that appellant entered in contravention of the provisions of this statute. Edwards v. State, 36

Texas Cr. Rep., 387; Duke v. State, 42 Texas Crim. Rep., 3, 57 S. W. Rep., 652; St. Louis v. State, 59 S. W. Rep., 889.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*