J. C. CROUCH v. THE STATE.

No. 4821. Decided November 13, 1918.

**1.—Forgery—Charge of Court—Bill of Lading—Railway Company.**

Where, upon trial of forgery of a bill of lading of a railway company, under article 1547, Vernon's Texas P. C., it was reversible error, where the

State failed to make out the specific offense charged, to instruct the jury under the law of ordinary forgery, as defined in article 924, Vernon's Texas P. C. Following Dillard v. State, 77 Texas Crim. Rep., 1, and other cases.

**2.—Same—Indictment—Duplicitous Pleading.**

An indictment alleging in one count two different offenses would be held duplicitous.

Appeal from the District Court of Bell. Tried below before the Hon. F. M. Spann.

Appeal from a conviction of forgery; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*J. H. Evetts, J. B. Talley, Bowmer & Brewster,* and *Williams & Williams,* for appellant.—On question of charge of court: Huton v. State, 38 S. W. Rep., 209; Osborn v. State, 42 Texas Crim. Rep., 557; Sedgwick v. State, 57 id., 420; Malley v. State, 58 id., 425, and cases cited in the opinion.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, Judge.—Appellant was convicted of forgery and his punishment assessed at confinement in the penitentiary for two years.

The indictment contained two counts: one charging forgery of the name of the agent of the railway company to a bill of lading; the other passing a forged instrument. The substantial averments in the indictment are as follows: "That J. C. Crouch in said county and State on or about the 6th day of April, 1915, did without lawful authority, and with intent to injure and defraud make a false instrument in writing, purporting to be the act of one J. W. Shields, as the duly and legally authorized agent of and for the Gulf, Colorado & Santa Fe Railway Company, said railway company being a private corporation duly and legally organized and existing under the laws of the State of Texas, and being a common carrier of passengers and freight for hire, did on or about said date unlawfully and with intent to defraud, forge the name of said J. W. Shields, agent of said railway company at Abernathy, Texas, to said instrument in writing the same being a bill of lading, the tenor whereof is as follows." Then follows the bill of lading upon one of the printed forms of the Gulf, Colorado & Santa Fe Railway Company purporting to have been issued at Abernathy, signed "J. W. Shields," Agent. Continuing, the indictment says: "Which said instrument in writing purports to be an original bill of lading issued by said Gulf, Colorado & Santa Fe Railway Company, the same being thereon designated: 'Order Bill of Lading—Original,' and imports and implies that on the 26th day of March, A. D. 1915, one Tandy Coal Company as shipper, had delivered to the said Gulf, Colorado & Santa Fe Railway Company fifty three thousand (53,000) pounds of

maize to be carried and transported by the said Gulf, Colorado & Santa Fe Railway from Abernathy, in the State of Texas, to Temple, in the State of Texas, the same being consigned to the order of Tandy Coal Company, notify A. B. Crouch Grain Company." After making averments and explaining the meaning of various figures and provisions and misspelled words which are not material to the purpose of this opinion, it continues: "The words and letters 'J. W. Shelds' written before the word 'Agent' meant and were intended to mean 'J. W. Shields' and was intended to mean and imply that said J. W. Shields had signed such instrument as the agent of the Gulf, Colorado & Santa Fe Railway Company, acknowledging the receipt of said maize for shipment as aforesaid; the instrument so written was and is the usual form of an original bill of lading as the same are generally written, executed and issued by said Gulf, Colorado & Santa Fe Railway Company and said J. W. Shields was in fact the duly authorized agent of said railway company at Abernathy, in the State of Texas, and said J. W. Shields as such agent had full authority to execute said bill of lading, and said instrument imported and meant to import and imply that said Gulf, Colorado & Santa Fe Railway Company had in fact received and was in possession of 53,000 pounds of maize, the same having been received from the Tandy Coal Company, as shipper, at Abernathy in the State of Texas, and consigned to Tandy Coal Company at Temple, Texas, the destination of said shipment, the said instrument by its writing thereon, towit: 'notify A. B. Crouch Grain Co.' imported and meant to imply that *that* A. B. Crouch Grain Company had some interest in said shipment of maize and would probably hold said bill of lading therefor, the said instrument in writing being a bill of lading, being a commercial paper and instrument in common use in the commercial world, the same being transferable, and the holder thereof being regarded as the owner and the holder of the title to said property described therein, and if said instrument had been true and genuine the said Gulf, Colorado & Santa Fe Railway Company would have been responsible to the shipper of said maize or other owner and holder of said bill of lading for the safe carriage of said maize and its delivery to said shipper or other owner and holder of said bill of lading, at Temple, Texas, and if said instrument had been true and genuine the same would have carried a pecuniary obligation on the part of the said Gulf, Colorado & Santa Fe Railway Company, and the same would have transferred and might have transferred and been the means of transferring the title, ownership and property in and to said maize, and said instrument, if genuine and true, would have possessed legal validity and the same was legally capable of affecting a fraud, against the peace and dignity of the State."

This indictment charges the offense denounced in article 1547, Vernon's Texas P. C., which is as follows: "Any person who shall forge the name of any agent of a railroad company, or other common carrier, to a bill of lading, with the intent to defraud, or who shall forge the

name of any person to any certificate attached to a bill of lading issued by such carrier, with the intent to defraud, or who shall knowingly utter, or attempt to utter, any such forged instrument, with intent to defraud, shall be deemed guilty of a felony, and upon conviction thereof, shall be punished by confinement in the State penitentiary for a term of not less than five and not exceeding fifteen years."

In the development of the case it was conclusively shown that Shields was not the agent of the Gulf, Colorado & Santa Fe Railway Company; that that railway company did not run through or have an office at Abernathy, the place at which it was alleged to have been issued, but Shields lived there and was the agent of another and different railway company. He denied signing the bill of lading.

The court in instructing the jury submitted the law of ordinary forgery which is defined in article 924, Vernon's Texas P. C., as follows: "He is guilty of forgery who, without lawful authority, and with intent to injure or defraud, shall make a false instrument in writing, purporting to be the act of another, in such manner that the false instrument so made would (if the same were true) have created, increased, diminished, discharged or defeated any pecuniary obligation, or would have transferred, or in any manner have affected any property whatever." The penalty for this offense is set out in article 936 of the Penal Code, as follows: "If any person be guilty of forgery he shall be punished by confinement in the penitentiary not less than two nor more than seven years."

The theory upon which the case appears to have been tried is that while the State failed to prove the offense charged as defined in article 1547, supra, that the allegations in the indictment contained the elements of ordinary forgery as defined in article 924, supra, and that the prosecution could, therefore, be maintained for the latter offense. We think this is a mistaken view for the reason that the two statutes mentioned define separate offenses and are punishable by different penalties. The penalty for violation of article 1547 is confinement in the penitentiary for not less than five nor more than fifteen years, and for violation of article 924 not less than two nor more than seven years.

"An indictment containing but one count in which two different and distinct felonies with different penalties are completely alleged is bad for duplicity." 1 Branch's Ann. P. C., p. 260; State v. Dorsett, 21 Texas, 656; Heineman v. State, 22 Texas Crim. App., 44; Wood v. State, 47 Texas Crim. Rep., 543.

The case of Dillard v. State, 77 Texas Crim. Rep., 1, 177 S. W. Rep., 99, was one in which there was a charge of passing a forged instrument which affected the titles to land defined in articles 947 and 949 of the Penal Code. The court submitted the passing of a forged instrument such as described in articles 924 and 937, P. C. The court said: "If the punishment prescribed was the same, we might deem it immaterial but for passing an ordinary forged instrument the punishment is not less than two nor more than five years, while the punishment for passing

a forged instrument affecting the title to land is not less than five nor more than twenty years. In this case the punishment assessed was only two years." On this ground, among others, a motion for rehearing was granted and the case reversed. Other cases in point are Huton v. State, 38 S. W. Rep., 209; Osborne v. State, 42 Texas Crim. Rep., 557; Sedgwick v. State, 57 Texas Crim. Rep., 420; Malley v. State, 58 Texas Crim. Rep., 425; Williams v. State, 42 Texas Crim. Rep., 602.

Under the indictment no conviction can be had except upon proof showing that the offense defined in article 1547 had been committed.

Reversed and remanded.

*Reversed and remanded.*