GLENN WARREN V. THE STATE.

No. 17099.   Delivered January 23, 1935.
State's Rehearing Granted April 15, 1936.
Appellant's Rehearing Denied May 27, 1936.

The opinion states the case.

*H. R. Rolston, G. A. Lynn,* and *W. S. Poston,* all of Lufkin, for appellant.

*Emerson Stone,* District Attorney, of Jacksonville, *Marvin Trevathan,* County Attorney, and *J. J. Collins,* Private Prosecutor, both of Lufkin, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of murder, and his punishment was assessed at death.

It appears from the record that about the 6th day of February, A. D. 1934, the appellant, Bernard LaCoume and Roy Cusack stole an automobile and went from the city of Galveston to Angelina County, where, on the night of February 9, 1934, they robbed and killed Charley Cansler by striking and beating him with a pistol and some blunt instrument, a better

description of which was to the grand jurors unknown, and by packing tightly into the mouth of said Charley Cansler a piece of cloth. The appellant and Cusack were subsequently arrested in the city of Galveston and upon being questioned the appellant informed the officers where the safe which had been taken from the home of deceased was buried in a garage. Upon receiving such information from the appellant, the officers proceeded to the garage and recovered the safe and some valuable papers belonging to deceased. The appellant, Cusack and La-Coume were seen at Corrigan in Polk County on February 8, 1934, where they purchased two gallons of gasoline. On the night of February 8th the same three parties were seen at the filling station of Dave Cockran in the town of Lufkin, Angelina County, where they traded the wheel and rim of the spare which was on the rear of the Chevrolet sedan to the filling station for some gasoline. The appellant had lived in the community where deceased lived and was thoroughly familiar with the surroundings of deceased's home.

By bill of exception the appellant complains of the action of the trial court in declining to grant his request to discharge the juror M. F. Cochran on the ground that before the jury was completed he learned that said juror was related by marriage to J. J. Collins, private prosecutor in the case, within the prohibited degree, that is, that the juror was a first cousin of the wife of the said J. J. Collins, private prosecutor. The district attorney objected to the discharge of the juror and the court sustained his objection, to which appellant excepted and by proper bill of exception brings the matter before this court for review.

Art. 616, C. C. P., reads as follows: "A challenge for cause is an objection made to a particular juror, alleging some fact which renders him incapable or unfit to serve on the jury." Sub. 10 of said article provides that where a juror is related within the 3rd degree of consanguinity or affinity to the person injured by the commission of the offense, or to the private prosecutor, if there be one, such juror is subject to challenge for cause. It appears from the bill of exception that if the relationship between the juror and the private prosecutor had been known to the appellant or his counsel before the juror was accepted, he would have availed himself of his legal right to challenge said juror for cause because immediately upon the matter being brought to his attention, and before the jury was completed and finally sworn, he requested that the juror be discharged, which the court declined to do. It occurs to us that

under the circumstances the court erred in not complying with appellant's request. What prompted the legislature to enact Sub. 10, of Art. 616, C. C. P., making it a legal ground to challenge a juror for cause who was related within the third degree of consanguinity or affinity to the person injured by the commission of the offense, or to the private prosecutor, if there be one? Obviously upon the presumption that such relative of the injured person or the private prosecutor was biased in favor of the party offended or prejudiced against the offender, and therefore presumptively not an impartial juror. Sec. 10 of Art. 1 of the Bill of Rights (Const.) provides that the accused shall have a speedy public trial by an impartial jury. It is also the policy of the law that the trial shall be alike fair and impartial to the accused and the State. The greater and more horrible the crime, the greater and more imperative the necessity that these safeguards shall be constantly looked to and kept in mind. In such cases when the popular mind is inflamed and popular indignation becomes tense and runs high, it is the part of a fearless and manly judiciary to uphold the standard of the law and to vindicate its majesty and integrity regardless of all consequences. When the storm of public indignation has abated and the mind has recovered its equilibrium so that it may calmly and sedately deliberate upon the consequences of hasty action under disturbed conditions, it will commend the courage of a judiciary in upholding the majesty of the law.

It occurs to us that if the trial court had seriously considered the appellant's request and had examined the statutes hereinabove referred to, he no doubt would have complied with the appellant's request at that stage of the trial and discharged the juror.

In support of the views herein expressed we refer to the following authorities: Evans v. State, 6 Texas App., 513; Roberts v. State, 30 Texas App., 291, 17 S. W., 450.

For the error pointed out, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The State moves for rehearing. We reversed the case solely because of the refusal of the trial court to allow the defense to challenge for cause, juror Cochran. From the record it appears that after nine jurors had

been accepted and sworn as jurors,—this being a capital case,—the defense informed the court that they had just learned that Mr. Cochran, already on the jury, was related within the third degree to Mr. Collins, private prosecutor, employed to assist the State in the prosecution, and that under subdivision 10, Art. 616, C. C. P., which lays down the rule that one related within the third degree of consanguinity or affinity to the person injured by the commission of the offense, or to the private prosecutor, if there be one, Mr. Cochran would be subject to challenge for cause,—and they wished now to challenge said juror for said cause. The court refused to let appellant challenge Mr. Cochran, who sat as a juror upon the trial of the case.

Upon the hearing of the motion for new trial seven jurors were used as witnesses, and none of them were asked any questions as to the attitude or activity of Mr. Cochran on the jury; nor was there effort otherwise made to show that he was not fair and impartial throughout. Mr. Collins testified on the hearing of the motion for new trial that Mr. Cochran was a cousin of the wife of witness, and that no question was asked Mr. Cochran on his voir dire examination concerning such relationship, which relationship Mr. Collins said was well known throughout the county, both men having lived there all their lives.

What is now Subdivision 10, Art. 616, C. C. P., was first enacted in 1857, in the same language now used, and it has been reenacted without change in each codification of our Code of Criminal Procedure since. That the term "private prosecutor" was then defined by law dictionaries, standard law writers, and the courts of last resort in most of the states of our Union,—as the one who instigates the prosecution, who files the complaint, is without dispute, and it is clear that such was the definition of said term then in common use. See Bouvier's Law Dictionary; Ruling Case Law, Vol. 22, p. 9; Cyc., Vol. 32, p. 361; Corpus Juris, Vol. 50, p. 371; State v. Millain, 3 Nev., 409; State v. Cohn, 9 Nev., 180; Eady v. State, 10 Ga. App., 818; State v. Snelson, 13 Okla., 88; Sampson v. State, 43 Ga., 89; Etheridge v. State, 164 Ga., 53; Commonwealth v. Dever, 10 Leigh, 685 (Va.); Medaris v. State, 18 Tenn., 239; Williams v. State, 9 Mo., 270; Commonwealth v. Gore, 33 Ky., 475; People v. Lay, 193 Mich., 17; Archbold's Cr. Pl., Pr. & Ev., pp. 248-259 and 392; Words & Phrases, 1st Series, vol. 6, p. 5578; Heacock v. State, 13 Texas App., 97; McInturf v. State, 20 Texas App., 336; McGee v. State, 37 Texas Crim.

Rep., 669; King v. State, 50 Texas Crim. Rep., 321. We might add that in no opinion of this court, or of our Supreme Court, or of the courts of last resort in any other state or jurisdiction known to us, has any other definition of the term "private prosecutor" been announced save that above set out. In such case the rule of interpretation laid down in Art. 8 of our Penal Code has application and controls. This being true, there would be no course open to the trial judge when appellant's request to challenge Mr. Cochran for said cause was presented, save and except to hold that Mr. Collins was not a private prosecutor within the comprehension of said statute.

It is contended, however, in opposition to the State's motion for rehearing herein, that in some instances this court has referred to the attorney employed to assist the State as private prosecutor, or private prosecution. The cases referred to on this point are Crow v. State, 89 Texas Crim. Rep., 152; Todd v. State, 93 Texas Crim. Rep., 553; Vineyard v. State, 96 Texas Crim. Rep., 401; Roberts v. State, 107 Texas Crim. Rep., 139; Blocker v. State, 112 Texas Crim. Rep., 275; King v. State, 50 Texas Crim. Rep., 321; Moore v. State, 36 Texas Crim. Rep., 574; Burks v. State, 97 Texas Crim. Rep., 113. Examining these in order, we find that in Moore v. State, supra, this court said: "The last assignment of error, which questions the action of the court in refusing to permit appellant to show by H who the citizens were who employed private prosecution." In King v. State, supra, the following is said: "It is held in a number of cases that one who contributes to a fund for the employment of counsel to prosecute defendant, is not a private prosecutor within the meaning of the statute." In Crow v. State, supra, mention is made of conversations between "The special prosecutor," the judge and other attorneys. In Todd v. State, supra, reference is made to the argument of one of the "Private prosecutors." In Vineyard v. State, supra, a statement appears that certain bills of exception complain of the argument of the "Private prosecutor." In Burks v. State, supra, mention was made of complaint of argument of the "Private prosecutor." In Roberts v. State, reference is made to a complaint of what was done by one of the "Private prosecuting attorneys." In Blocker v. State, supra, it is said that a bill of exceptions was taken to remarks of the "Private prosecutor."

We have mentioned these in order to show that in no one of the cases, wherein such casual expression was used, was same pertinent to any issue in the case. Apparently the ob-

ject of the contention last mentioned would be to claim that the trial court herein should have known of these casual expressions and been governed by them in his ruling. Such contention is wholly without merit. As observed, in none of said cases was there any issue before the court as to whether the party referred to as special prosecution, private prosecutor, etc., was such in law or in contemplation of any statute, and it would not be claimed for a moment that any construction of the term as used in Art. 616, C. C. P., was before the court in any of said cases. It is elementary and announced by all courts and law writers, that precedents consist of the decisions of courts of last resort upon the substantive issues before the court, which are considered by the court, and decided by the court as such. Immaterial descriptives which do not affect the question considered, or the result reached, have no force as precedents. It has been well said that a statement of law becomes a precedent, not because it emanates from a wise and learned man, but because it is laid down by a judge, in his office as a judge, and speaking to a question brought before him as a judge. As said by the Supreme Court of Tennessee, in L. & N. Ry. Co. v. Davidson County Court, 1 Sneed, 636:

"It is then the conclusion only, and not the process by which it is reached,—which is the opinion of the court, and authority in other cases. The law is thus far settled, but no farther. The reasoning adopted, the analogies and illustrations presented, in real and supposed cases, in an opinion, may be used as argument in other cases, but not as authority. In these the whole court may concur, or they may not."

If the learned trial judge herein,—when called upon in the exercise of his discretion to pass upon the right of appellant to challenge Mr. Cochran for the cause mentioned, after he had been accepted without any investigation or examination, and had been sworn as a juror to try the case,—found the definition of the term "private prosecutor" laid down in the law dictionaries, and by text writers, and decisions of courts of last resort of all ascertainable jurisdictions, to be all in accord with the definition first above mentioned,—it would seem idle to argue that he should have known of, much less have accepted as precedent to the contrary, the instances of the use of immaterial descriptives in the cases last mentioned. No citator, or digester of opinions, or commentator thereon, would think for a moment of citing or collating as precedents casual expressions in opinions on points not material in the decision of the case wherein used, and certainly neither this nor any other

court of last resort has ever undertaken to overturn a settled law upon no better authority than a half dozen loose expressions in opinions of members of the court.

Appellant made no defense to what appears to have been a planned killing of an old man for the purpose of robbery. No testimony was offered in behalf of the accused. All other questions raised on this appeal have been considered, and are not deemed to present error.

Being of opinion that we erred in our reversal, the State's motion for rehearing is granted, the judgment of reversal is set aside, and the judgment will now be affirmed.

*Affirmed.*

## ON STATE'S MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE (Concurring).—Article 1, sec. 10 of the Constitution of Texas guarantees to one accused of crime a speedy, public trial by an impartial jury. An impartial jury "means that the jury must be not partial, not favoring one party more than another, unprejudiced, disininterested, equitable and just, and that the merits of the case shall not be prejudged." Duncan v. State, 184 S. W., 195. It is conceived that in the enactment of Art. 616, C. C. P., it was the purpose of the Legislature to afford the accused and the State equal opportunity to secure a fair and impartial jury. As evidence of the legislative intent in the respect mentioned, it is observed that the State has the right to challenge those who are related to the defendant within the prohibited degree, and the accused may challenge for cause those related within the prohibited degree to the person injured by the commission of the offense, or to the private prosecutor. Equal right is given as to challenges to those entertaining bias or prejudice. Evidently the Legislature deemed relationship of jurors to the accused, the injured party, and private prosecutor to ipso facto characterize them as not impartial. As to relatives of the attorneys employed by the accused, no ground of challenge is provided in the statute; nor is a ground provided for challenging relatives of the district or county attorney. It would seem that the Legislature deemed relatives of the attorneys in the case not to be, by reason of the relationship alone, partial jurors.

To impute to the Legislature the intent to provide a challenge for cause to relatives of counsel privately employed to assist in the prosecution is to say that said body deemed such relatives to be ipso facto partial jurors, whereas relatives of

counsel for the accused and of the district and county attorney were thought to be impartial jurors, notwithstanding the relationship. Stated in another way, if the term "private prosecutor" as employed in the statute, means counsel privately employed to assist in the prosecution, it necessarily follows that we must lay at the door of the Legislature the charge of promulgating classifications in the absence of reasonable distinctions separating one class from the others. As far as the impartiality of jurors is concerned, it can not be said that the relatives of the district and county attorney and of the attorneys employed by the accused are not in the same attitude as relatives of counsel privately employed to assist in the prosecution. One class can not be held to have more or less interest in the result of the prosecution than the other. In this connection, it is observed that at the time of the enactment of Art. 616, supra, the district and county attorneys of this state depended for their compensation upon convictions.

When Art. 616, supra, was enacted the term "private prosecutor" had a well-defined meaning in the judicial precedents. We quote from 26 Texas Jur., 741, as follows: "A private prosecutor is one who prefers an accusation against a party whom he suspects to be guilty." See Heacock v. State, 13 Texas App., 97; Bouvier's Law Dictionary (Rawle's 3d Rev.), Vol. 3, p. 2753; 6 Words and Phrases, p. 5578; Sampson v. State, 157 S. E., 915. As far as we have been able to determine, in no case has it been held that said term included counsel privately employed to assist in the prosecution.

In the State of Alabama it is provided by statute that in criminal cases one connected by consanguinity within the ninth degree or affinity in the fifth degree with either the defendant or with the *prosecutor* or person alleged to be injured is subject to challenge for cause. Notwithstanding the statute uses the term "prosecutor" it was held in Washington v. State, 58 Ala., 355, that said term did not refer to the prosecuting attorney. In other jurisdictions statutes to the same effect have been held not to afford a challenge for cause to relatives of the prosecuting attorney.

I am unable to reach the conclusion that it was the intention of the Legislature to include in the term "private prosecutor" an attorney privately employed to assist in the prosecution. I therefore concur in the opinion granting the State's motion for rehearing and ordering an affirmance of the judgment.

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In his motion for rehearing appellant brings forward no new argument or authority. The case was very carefully considered on the original hearing, and the record has been re-examined in the light of the appellant's motion for rehearing.

The motion for rehearing is overruled.

*Overruled.*