### JIM EDWARDS v. THE STATE.

*No. 1323.    Decided October 28th, 1896.*

**1. Burglary to Commit Theft—Night Time Entry and Lying Concealed.**

Our statute, Art. 838, Penal Code, declares, that "Burglary is constituted by entering a house by force, threats or fraud at night, or in like manner entering a house during the day and remaining concealed therein until night, with intent to commit a felony or the crime of theft." Held: That an entry into a store at night during business hours, through an open door, and concealing one's self until business was closed and the store locked, and then committing theft and breaking out, will not constitute burglary under the statute.

**2. Same.**

The statute does not constitute an entry into a house in the night time, and remaining concealed therein, a burglarious entry, where the entry was procured without any fraud or stratagem. Nor did such facts constitute burglary at common law.

**3. Same—Breaking Out of a House.**

Under our statute, it is not burglary to break out of a house.

APPEAL from the District Court of Red River. Tried below before Hon. E. S. CHAMBERS, Special Judge.

Appeal from a conviction for burglary; penalty, three years' imprisonment in the penitentiary.

On the night of the 20th of December, 1895, the storehouse of J. T. Brown, of Clarksville, was kept open for the transaction of business until about 11 o'clock p. m., when it was closed up and securely fastened by the clerk. Amongst others who were in the store that night, defendant was there, and purchased some cheese and crackers from one of the clerks about 10 o'clock. On the next morning it was found that the money drawer had been robbed, and a twenty-dollar bill and some silver money had been taken therefrom. An inspection of the premises

showed that no force had been used against the house, except upon one of the rear windows of the store, and it was conclusively established that this window was broken open from the inside; that it could not have been broken open from the outside. The defendant was arrested for the theft, and the twenty-dollar bill, which Brown, the merchant, identified as his lost bill, was recovered by the officer from a woman, to whom the defendant had given it the night before. After the defendant had been warned by the officer in regard to any statements he might make, he confessed to the officer that he was in the store that night and hid behind some flour barrels, where he lay concealed until the store had been locked up by the clerk. That after it was locked up, he took the money and made his escape from the house by breaking the window above mentioned.

[No brief for either party has come to the hands of the Reporter.]

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of burglary, and given three years in the penitentiary, and prosecutes this appeal. The indictment was in the ordinary form, and charges that "the defendant, at night, by force and fraud, did break and enter a house there situate, and occupied and controlled by J. T. Brown, without the consent of the said J. T. Brown, and with the intent then and there fraudulently to take from the said house corporeal property therein being and belonging to the said J. T. Brown, and from the possession of the said J. T. Brown, without his consent, and with intent to deprive him of the same, and to appropriate it to the use and benefit of him the said defendant." The proof shows that the alleged burglary was committed in a store; that the store was open for business at night until 10 or 11 o'clock; that the customers were going and coming, entering the store at will; that the defendant entered, as other persons, at the open door, and during business hours, and concealed himself in the store, and when the clerks left they locked him in the store. Thereafter he rifled the money drawer, obtaining a $20 bill, and some other smaller change, and made his exit by breaking open a window from the inside, and thus escaping from the house. The court, after defining the constituent elements of burglary under our statute, charged the jury as follows: "If you believe from the evidence that the defendant, by force and fraud, in the nighttime, did enter the house of J. T. Brown, as charged in the indictment, with the intent to commit the crime of theft, you will find him guilty of burglary," etc.; and further charged them specially "that, if they believed that the defendant entered the house of the said Brown in the nighttime, through the open door, and that he so entered said house with the intention of secreting himself therein until the occupants thereof left the same, and with the intent to fraudulently take from said house, after the said occupants had closed and left the same, corporeal personal property therein being and belonging to the said J.

T. Brown, without the consent of the said J. T. Brown, with the intent to deprive said Brown of the value of the said property, and to appropriate the same to the use and benefit of the said defendant, to find him guilty," etc. Our statute on the subject provides as follows: "Burglary is constituted by entering a house by force, threats or fraud at night or in like manner by entering a house during the day and remaining concealed therein until night, with the intent in either case to commit a felony or the crime of theft." Penal Code, 1895, Art. 838. The view taken by the court, as is manifest in the above charge, is that an entry at night into a store, during business hours, through an open door, as other persons enter, with intent to conceal oneself until the close of business hours, and the owner had locked the store—if the secreted person then committed a theft, and broke out, it constituted a fraudulent entry, and was burglary. Possibly the entry in this case was with intent to steal, but no contrivance or artifice was used with intent to gain an entry. The statute does not constitute an entry into a house in the nighttime, and remaining concealed therein, a burglarious entry; and the fact that it makes a daytime entry and concealment until night a burglarious entry would appear to exclude the other idea. We would not be understood, however, as holding that an entry by any character of fraud or stratagem at night would not constitute a burglarious entry. This is within the purview of the statute, but does not embrace an entry not procured by some fraud. In this case, while the purpose with which the defendant entered was possibly to steal, yet there was no fraudulent device or stratagem used in procuring an entry into said store. He entered as other persons, through the open doorway, during business hours. This character of entry did not constitute a burglary at commom law, and not until the statute of 12 Anne was it burglary to break out of a house. This statute was brought forward by 7 and 8 Geo. IV., Chap. 29, and was in turn superseded by 24 and 25 Vict., Chap. 96. See, 2 Bishop's Crim. Law, § 99. It has been held in a number of States, and under a statute substantially similar to ours, and which did not embrace the provisions of 24 and 25 Vict., Chap. 96, with reference to breaking out of a house, that the offense was not burglary. See, State v. McPherson, 70 N. C., 239; White v. State, 51 Ga., 285; Rowland v. Com., 82 Pa. St., 306. Some of these States take cognizance of offenses at common law, and the above authorities show that, in the absence of an express statute on the subject, such an entry was not an offense at common law. In the view we take of it, our statute does not constitute the facts proved in this case an offense. We believe it should be done, but, as the law now stands, we are constrained to reverse and remand the case, and it is accordingly so ordered.

*Reversed and Remanded.*

HURT, Presiding Judge, absent.