### ALLEN STOUT v. THE STATE.

No. 3574. Decided June 5, 1907.

**1.—Burglary—Twenty Day Order—Bill of Exceptions—Argument.**

Where the appellant's bill of exceptions to the argument of State's counsel was filed after the twenty day order, and no reason for the delay was shown, the same could not be considered.

**2.—Same—Misdemeanor Theft—Charge of Court—No Breaking.**

Where upon trial for burglary, the evidence of the defense raised the question as to whether there was any breaking, and the property alleged to have been stolen was under the value of $50, the court should have charged on misdemeanor theft, as the offense in that event would not have been burglary.

**3.—Same—Circumstantial Evidence—Principals.**

On trial for burglary, where the evidence clearly suggested that there were principals in the crime, the court correctly charged on the law of principals. The defendant and his codefendant having been positively identified as the parties entering the house, a charge on circumstantial evidence was unnecessary.

Appeal from the District Court of Scurry. Tried below before the Hon. Cullen C. Higgens.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

One of the State's witnesses, the owner of the house burglarized, testified that he was away from the house some five hundred yards picking

cotton; that he saw the defendant in company with another go to his house, and saw them push upon the door and go in, and saw them when they left. This with the facts stated in the opinion is a sufficient statement of the case.

*Fritz R. Smith* and *W. W. Hamilton* and *Thurmond & Sandusy,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of burglary, and his punishment assessed at two years confinement in the penitentiary.

Bill of exceptions No. 1 complains of the remarks of the district attorney. Appended to the bill is this qualification of the judge: "This bill was presented to me on the 7th day of May, more than twenty days after adjournment of the term of court, and absolutely no diligence was used or attempted by the defendant or his counsel in the preparation or presentation of the same; though I reside here and have an office on the same floor with one of the attorneys in this case, and was accessible when this case was tried, and until Thursday evening after court adjourned on the preceding Tuesday, and that I went to Knox County, Texas, and returned to the adjoining County of Kent, and held my term of court on the next Monday, and thence I went to Benjamin, where I tried a case, and never returned to Snyder, the place where this case was tried, until May 5th, and although I met and had conversations with each of the defendant's counsel, not a word has been said about this bill of exceptions." Clearly, under the explanation of the court this bill of exceptions cannot be considered.

The first ground of appellant's motion for a new trial complains that the court erred in failing to charge the jury upon the theory raised by the evidence, to wit: a misdemeanor; that is, that if the door was open, or there was no breaking to open the door of the house alleged to have been burglarized, as charged in the indictment in this cause, then the amount of money taken, if any was taken, was only $10.95, theft of this amount being a misdemeanor, and if said door was open the defendant could not be guilty of burglary, and the court should have charged the jury, if the door was open or they had a reasonable doubt of it, to find the defendant guilty of a misdemeanor. Appellant in this case, in reference to the facts of the burglary, testified, as follows: That he and his companion, Jess Brooks, went up to the house, and Jess knocked on the door, and he said he thought he heard somebody in the house call, saying come in. Jess went in there and come out, and we went on down the road. If appellant was present, as he states, and his codefendant knocked on the door, in the presence of appellant, and said some one on the inside said come in, which he did, appellant not accompanying him, this being appellant's testimony, it would require the court to charge, as appellant insists, upon a mis-

demeanor; that is to say, if appellant believed that some one had invited his codefendant into the house, and the codefendant stole any money after going into the house, with appellant's consent and knowledge, this would make appellant guilty of a misdemeanor theft, not burglary; he states, however, he had no knowledge of any theft. If he had no knowledge of it, and his codefendant alone took the money, he would be guilty of no offense.

There was no error in the court failing to charge on circumstantial evidence, since one of the witnesses positively identifies appellant and his codefendant as the parties he saw entering the house. Nor was there any error in the charge of the court on principals, since the evidence clearly suggests that they were principals. We cannot pass upon the probable truth of the testimony, but in the light of appellant's testimony, we think appellant's insistence correct that the court should have charged as above suggested, and for the error pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*