## EDWARDO CASA v. THE STATE.

No. 16463.  Delivered January 17, 1934.
Reported in 67 S. W. (2d) 288.

The opinion states the case.

*Manuel Diaz de Leon,* of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for burglary of a private residence; punishment, thirty-five years in the penitentiary.

Appellant, a Mexican, was not represented by counsel upon his trial, and there are no bills of exception in the record. The only question raised in the sufficiency of the testimony.

A Mr. Schlief testified that he occupied a private residence with his wife and family, one member of which was his daughter, a young woman twenty-three years of age. On the night in question, and some time after midnight apparently, the family was aroused by screams from the young lady. Investigation disclosed that a screen on a window in the young woman's room was torn partly loose. She testified that appellant jumped out at that window and tore the screen. She did not know whether he entered at that place or not; nor is there anything in the testimony to show or indicate that force had been applied to that window or that screen prior to the time appellant jumped through it, and made his escape. She said she was awakened by a noise in the room and turned on a bed light by which she was in the habit of reading. She said appellant was standing up facing her and told her to turn the light off or he would shoot her. She said she turned the light off and he came to the side of her bed and began fighting her and trying to get at her; trying to catch her hands, or get to her throat. She said she screamed again and he ran and jumped out tearing loose the screen as he went.

The occurrence was on the night of the 20th of June. We

have searched the record to find therefrom whether there be testimony that the windows, doors and other openings in the building on the night in question were closed or open, and find nothing. Nothing in the record shows that any force was applied to the window referred to to effect an entrance from the outside. It is manifest that if appellant entered the building through some other aperture without force, that his exit through the window in question would not make him guilty of burglary. No one testified that he entered through this window. Appellant himself denied being the party who entered the house, and testified in his own behalf to that effect.

We are also in much doubt as to the sufficiency of the testimony to sustain the conviction for burglary with intent to commit theft, which is the charge against appellant. There is not a suggestion that any property had been moved, or of anything done by appellant while in the house to indicate any intention on his part to commit theft. There is some evidence which might be taken by the jury to indicate that if he entered the house his purpose was to commit an assault upon the young woman.

Being in such doubt as to the sufficiency of the two matters above mentioned, we are unwilling to allow the conviction to stand. The judgment will be reversed and the cause remanded.

*Reversed and remanded.*