## V. T. MILLER v. THE STATE.

No. 20193.   Delivered March 1, 1939.

The opinion states the case.

*M. W. Burch,* of Decatur, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is burglary; the punishment, confinement in the penitentiary for two years.

Worth Arnette owned a filling station, which was being operated on the night of the alleged burglary by Thomas Rosenberg. However, ownership and possession were alleged in Arnette. Appellant frequented the station, it being the testimony of Arnette and Rosenberg that appellant was welcome at the station when he conducted himself properly. On the 10th of May, 1938, Rosenberg kept the station open during the entire night with the exception of about thirty minutes which he used to go to a nearby cafe for something to eat. He locked the front door but could not say that the rear door was locked. However, he was sure it was closed at the time he left the station. When he left the station the lights were on. He said: "When I went back to the station from the cafe after eating the station was full lighted. It has big windows on it, yes. * * * The back door was open when I came back. Miller (appellant)

was standing at or near the cash register, and two of the keys were mashed down." Also the witness testified as follows: "When I returned from eating supper I saw the defendant in the station and I unlocked the front door and asked him what he was doing in there. The defendant says, 'I have been in here before and you didn't say anything about it.' I says, 'You came in at the front door then and I didn't say anything about it,' And to that he said 'Yes,' and I didn't say anything about it. I says, 'As long as you came in the front door it was all right but not to come in at the back door.'"

Testifying in his own behalf appellant admitted that he was in the filling station on the occasion in question but declared that he entered through the rear door, which was open at the time. He denied that he attempted to take any money from the cash register.

The state's attorney before this court expressed the opinion that the testimony shows that the entry was made with Rosenberg's consent. We quote from the brief of the state as follows: "It is the entry of the building that constitutes the offense—not what door is used; so, if appellant had Rosenberg's consent to enter the building through the front door, the fact that he entered through a back door would not change the question of his right to be in or to enter the building."

We are constrained to agree with the state's attorney. It is true that Rosenberg was not named as the party in possession of the filling station and that therefore the state was not required to show that the appellant did not have his consent to take the property from said station. However, if appellant had the consent of Rosenberg, who was in charge of the station at the time, to enter the building, he would not be guilty of burglary. Branch's Ann. P. C., sec. 2345. Believing that the evidence shows such consent, we are constrained to order a reversal of the judgment.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.