## MILTON W. PARKS V. STATE.

No. 25465. November 14, 1951.
Rehearing Denied January 16, 1952.

Hon. Delos Finch, Judge, sitting for Hon. W. W. McCrory.

*Joe Burkett*, San Antonio, for appellant.

*Austin F. Anderson*, Criminal District Attorney, *Richard J.*

594

*Woods,* Assistant Criminal District Attorney, San Antonio, and *George P. Blackburn,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is rape; the punishment, fifty years.

The sole contention of appellant is that the evidence is insufficient to support the verdict. This requires a resume thereof.

The mother and father of prosecutrix testified that they stopped at a tavern in the city of San Antonio at 5:30 p. m. on December 22, 1950. The two of them with a baby went inside and left their three remaining children, Allen, aged six, Billy, aged five, and Deborah, aged two, in the automobile. Further, that at 5:45 p. m. Billy came inside and reported that a man had taken Deborah. The police were notified, and an officer testified that the child was found shortly after seven o'clock the same evening adjacent to a vacant lot in a different part of town. According to the officer, her clothes had been torn off, except a small piece of clothing hanging from her shoulder; her face was bruised, and blood was coming from her private parts. The doctor who examined the child testified that her hands, lips and face had been bruised, blood was on the lower part of her abdomen and down her legs, which had come from a tear in the vagina extending to the margin of the rectum. He stated further that this injury had been caused by a penetration into the vagina by something other than an instrument.

Because of the inability of the prosecutrix to testify, even though the state introduced a voluntary statement from the appellant, the trial court submitted the case as being one based upon circumstantial evidence.

Appellant testified, disavowed the confession, sought to establish an alibi, and told of "nervousness" following his service in the armed forces.

Allen, the six-year old brother of the injured child, identified appellant as the man who had come to his father's car and carried Deborah away. He further testified that he had sent his brother Billy to notify his parents.

The state offered testimony that appellant had, shortly before the child was missed, been engaged in a Christmas drinking and gambling party at a plumber's shop near the scene of the

abduction. The proprietor of the tavern in question testified that appellant came into his establishment at 5:45 or 5:50 p. m. on the evening of the abduction, described his manner of dress, and stated that he tried to cash a $55.00 check.

Officer Garcia testified that at 6:45 p. m. on the day in question he was called to investigate a collision which had occurred with a parked automobile in a different part of the city and that upon arriving he found a Mercury hub cap and the rim from a headlight. Further, that immediately after leaving this investigation, and in the same vicinity, he had found the injured child.

Other officers investigating the rape testified that on the same night they went to the house of appellant and found a Mercury automobile from which one hub cap and one headlight rim were missing. These officers testified that they later took the seat cover from the front seat of appellant's car and by tests established the presence of human blood on the right hand portion thereof.

It will thus be seen that, independent of the confession and the identification of the appellant by the prosecutrix's brother, the state offered testimony placing the appellant at the scene of the abduction at the time the child was taken. It will be further noted that appellant's automobile was shown to have been in a different part of the city near where the child was found just prior to the discovery of the child.

The state amply established the voluntary nature of the confession taken in appellant's own words, and therein we find the following:

"I went in the house and filled the bath tub full of warm water and got the kid in the bath tub with me. It became clear to me what I had done when I got into the tub and after I had done what I had done. I saw that the water in the tub was bloody and that the little kid had blood on her. I do remember seeing blood on my shorts but I don't remember whether I saw any blood anywhere else. I guess that there was blood around my penis because I know I done it, and there just ain't no getting around that. Why I done it I don't know. I just had the urge to hurt her."

We hold the above to have established penetration and the crime of rape.

Finding no reversible error, the judgment of the trial court is affirmed.

## ON APPELLANT'S MOTION FOR REHEARING

BEAUCHAMP, Judge.

Appellant, in his motion and oral argument, vigorously attacks the opinion in this case and asserts that it is physically impossible for one to read and understand the record within a week's time after the case was submitted. If this were correct it would require a great many more judges to handle the business that comes before this court. The record is not an unusually long one and no question of law has been raised that requires any investigation into the authorities. Only questions which are dealt with daily by this court appear to have been raised. We have gone through the record again and our review makes it quite convincing that in writing the original opinion Judge Morrison was thoroughly familiar with the record, which he followed in every necessary detail.

The several points discussed in the motion for rehearing are based on appellant's contention that the evidence is insufficient to support a verdict. Ordinarily that may give grounds for a discussion of the evidence. It is not a question before this court, in any case, as to who told the truth and who did not. We are concerned with determining whether or not any evidence of sufficient probative force was presented to the jury. Finding this to be true, the question of sufficiency of the evidence passes out of the case, regardless of the strength or reasonableness of the defensive theory. Appellant had a defense of alibi. That was properly submitted to the jury who found against him.

The court submitted the issue of circumstantial evidence, saying that the state's case depended upon circumstantial evidence alone. We do not think this charge was correct. In fact, the circumstantial evidence charge was not called for and should not have been given. The line of circumstances discussed in the original opinion very carefully was merely corroborative of the direct evidence in the case but need not have been relied upon for a conviction.

The state's case was made when the little girl's brother testified that appellant was the man who took her from the car and when his confession was introduced. The state then had no further burden except to prove that the offense of rape had

been committed. There could be no doubt about the sufficiency of the evidence to establish the corpus delicti.

We are not taking up the discussion in appellant's brief because that would be merely arguing over a question which the jury alone could decide. It has done so and found against appellant. Naturally that did not appeal to the logic of appellant's counsel. A lawyer becomes a partisan in behalf of his client. There is nothing wrong about this. He considers all of the evidence from that standpoint, but its discussion cannot go further than to the jury. He may be right but the jury's verdict has foreclosed any further consideration.

In the absence of a showing of error in the trial of the case, we must overrule appellant's motion for rehearing.