Bobby Glenn **REED**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 43015.

Court of Criminal Appeals of Texas.

July 15, 1970.

Van Ballew, Dallas, for appellant.

Henry Wade, Dist. Atty., Harry J. Schulz, Jr., W. T. Westmoreland, Jr., Edgar Mason and John B. Tolle, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is burglary with a prior conviction for an offense of the same nature alleged for enhancement; the punishment, 12 years.

Appellant's first ground of error is that the trial court erred in failing to grant his motion to inspect the grand jury testimony. Reliance is had upon Dennis v. United States, 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973. An examination of the opinion shows that the court in Dennis, supra, spelled out the five reasons why the court found that the grand jury testimony should have been furnished to the defendants in that case. No reason is advanced by this appellant, and we have concluded that our prior holding in Bryant v. State,

Tex.Cr.App., 423 S.W.2d 320, is authority in support of the court's action.

His second ground of error is that the trial court commented on the weight of the evidence. Officer Davison was being questioned by the prosecutor as follows:

Q. Did you have an occasion to go in that building that night?

A. Yes sir.

Q. What, if anything, did you find of an unusual nature in that building?

A. I found a man sitting in the northwest corner of the building—

MR. BARCLAY: I object to that, Your Honor; I object to that as being unresponsive.

THE COURT: It would be up to the jury; it might be unusual to find a man in there.

In Garcia v. State, Tex.Cr.App., 427 S.W. 2d 897, and again in Ferrell v. State, Tex. Cr.App., 429 S.W.2d 901, we have pointed out that the remarks of the court must be calculated to inure to the benefit of the state or injure an accused before reversible error is reflected.

His third ground of error is that the court erred in admitting into evidence a "clasp." The injured party testified that he had in his possession a "clasp" that was taken from his warehouse door at the time of the burglary, and the same was introduced in evidence as state's exhibit no. 2. No error is perceived.

His fourth ground of error is, if we properly understand, related to the calling of witness who had not been listed on the indictment. In Hackathorn v. State, Tex.Cr.App., 422 S.W.2d 920, we held compliance with Article 392, Vernon's Ann.C.C.P. (now, Article 20.20, V.A.C.C. P.) to be directory and not mandatory.

**395**

His fifth ground, also not supported by authority, is that the court erred in admitting at the punishment hearing proof as to appellant's prior conviction alleged for enhancement.

His last contention is that the evidence is insufficient to show an intent to steal. We have held in Byrd v. State, Tex. Cr.App., 435 S.W.2d 508, that the breaking and entering a house at night time raises a presumption that the act was done with intent to steal.

Finding no reversible error, the judgment is affirmed.