James **BURTON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 46082.

Court of Criminal Appeals of Texas.

April 18, 1973.

Rehearing Denied May 16, 1973.

David R. Casey, Lubbock, for appellant.

Blair Cherry, Jr., Dist. Atty., Lubbock, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a burglary with intent to commit theft conviction wherein the punishment, enhanced under Article 63, Vernon's Ann.P.C., was assessed at life.

In the early morning hours of July 9, 1971, between 3 and 3:30 a. m., officers of the Lubbock Police Department received a call to proceed to White's Auto Store located in downtown Lubbock. The burglar alarm had been tripped.

When the officers arrived, they discovered the glass had been broken out of a

window of the building. Inside the building, they found the appellant Burton and one James Loggins crouched down in the attic of the building with a .22 caliber pistol lying between them. Both suspects were arrested.

Johnny Castaneda, Assistant Manager of the White's Auto Store in question, testified he had care, custody and control of the premises on the date in question. He related that at 6:15 p. m. on July 8, 1971, he locked and secured the building for the night; that when he went to the store in the early morning hours, he found the tire room window had been broken out, which was not the condition in which it was when he closed the store the evening before.

One officer testified one of the bars on the window had been pried off and the other bent down.

The appellant did not testify or offer any evidence.

Initially, appellant complains that "the trial court erred in overruling the defendant's objection to paragraph V of the court's charge" at the guilt stage of the trial.

In said paragraph, the court charged:

"The 'entry' into a house includes every kind of entry but one made by the free consent of the occupant, or of one authorized to give such consent."

Appellant's written objection was that,

"The defendant objects to Charge number five in that the Charge does not contain all of the legal entries into a house; that the Charge should have contained a provision of legal entry allowing entry into a house being made during the normal business hours by access into the said house through an open door where general customers are allowed free access to and from said house."

■ We find nothing improper in the court's definition of the word "entry" as used in the court's charge. We conclude from appellant's argument and authorities that his real complaint is that the court erred in failing to charge the jury that if they found he entered the building during normal business hours and concealed himself until the store was closed he could not be guilty of a burglarious entry. He cites Smith v. State, 60 S.W. 668 (Tex.Cr.App. 1901); Edwards v. State, 36 Tex.Cr.R. 387, 37 S.W. 438 (1896); Casa v. State, 125 Tex.Cr.R. 186, 67 S.W.2d 288 (1934); Luce v. State, 128 Tex.Cr.R. 287, 81 S.W. 2d 93 (1935). See also Stout v. State, 51 Tex.Cr.R. 569, 103 S.W 391 (1907).

We find no evidence to support appellant's contention that such a defensive charge should have been given and find no error in the court's action in overruling the objection addressed only to paragraph 5.

For the first time, on appeal, appellant contends there is a variation between the allegations in the indictment relating to the second prior conviction alleged for enhancement of punishment and the proof. The indictment alleged, in part, that the appellant

". . . *was duly and legally convicted on the 2nd day of May, A.D., 1966,* in the 137th District Court of Lubbock County, Texas, of an offense, to-wit: Burglary, a felony offense less than capital, in Cause No. 10,393, upon an indictment then legally pending in said last named Court and of which said Court had jurisdiction, and *after said judgment of conviction thereon had become final* against him, the said JAMES BURTON, he, the said JAMES BURTON, committed the offense next hereinabove alleged in this indictment, for which he was convicted on the 9th day of October, A.D., 1968 . . . ." (The first prior conviction alleged for enhancement.) (Emphasis supplied.)

The proof showed that appellant was convicted on May 2, 1966, but the imposition of the sentence was suspended and he was placed on probation. Subsequently, on

November 17, 1966, his probation was revoked and on that date sentence was imposed.

■ Appellant contends the conviction did not become final until November 17, 1966, since no sentence had been imposed and that the proof of the November 17, 1966 sentence did not meet the allegation of May 2, 1966. He relies upon Capuchino v. State, 389 S.W.2d 296 (Tex.Cr.App. 1965). While we adhere to the *Capuchino* decision that the proper date to allege would be the date of the sentence,[1] and call attention to the fact that better practice would be to allege both the date of the judgment and sentence,[2] we perceive no reversible error under the circumstances here presented.

"It is not necessary to allege the previous conviction with the same particularity as must be used in charging the original offense." 1 Branch's Ann.P.C. 2d ed. § 697, p. 679.

■ The instant indictment alleged, in effect, that appellant was convicted on May 2, 1966 (the date of judgment) and that later the judgment had become final. The indictment contained no express allegation as to the date of the finality of the conviction. There is nothing to show that appellant was misled by such allegation nor did he at any time object on the ground now urged on appeal.

Lastly, appellant complains his prior conviction in Cause No. 10,574 for attempted burglary was used for enhancement without a showing that such offense occurred subsequent to the commission of the offense and final conviction in Cause No. 10,393.

■ In Rogers v. State, 168 Tex.Cr.R. 93, 325 S.W.2d 697 (1959), it was pointed out that to invoke the provisions of Article 63, supra, it is necessary that each succeeding conviction be subsequent to the previous conviction both in point of time of the commission of the offense and the conviction therefor.

■ We adhere to such rule with regard to prior convictions alleged in the indictment for enhancement of punishment, but it should be observed that the attempted burglary conviction (Cause No. 10,574) was not alleged in the indictment for enhancement, but was admitted under the provision of Article 37.07, Vernon's Ann. C.C.P., as a part of appellant's "prior criminal record." The rule discussed in *Rogers* has no application to prior convictions introduced as a part of an accused's "prior criminal record" under Article 37.07, supra.

■ As pointed out in Martinez v. State, 469 S.W.2d 185 (Tex.Cr.App.1971), the prosecution, in proving "the prior criminal record" of an accused under Article 37.07, supra, is not limited to prior convictions alleged in the indictment. Any prior conviction relevant under such statute is admissible.

■ Therefore, there was no error in the State's failure to show that the conviction for attempted burglary was subsequent in point of time to the commission and conviction of one of the previous offenses alleged for enhancement.

■ Further, since the imposition of the life penalty became automatic upon the proof of the two convictions alleged for enhancement, appellant suffered no harm by the introduction of the other conviction.

Finding no reversible error, the judgment is affirmed.

---

1. *Cf.* Rener v. State, 416 S.W.2d 812 (Tex.Cr.App.1967), and Head v. State, 419 S.W.2d 375 (Tex.Cr.App.1967).

2. See Goodale v. State, 146 Tex.Cr.R. 568, 177 S.W.2d 211 (1944).