Esteban ALVARADO, Appellant,

v.

The STATE of Texas, Appellee.

No. 58714.

Court of Criminal Appeals of Texas, Panel No. 1.

April 16, 1980.

Michael R. Gibson, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., and Miguel J. Cervantes, Asst. Dist. Atty., El Paso, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and DALLY, JJ.

OPINION

DALLY, Judge.

This is an appeal from a conviction for the offense of burglary of a habitation. The punishment, enhanced by two prior felony convictions, is imprisonment for life.

The appellant asserts that: the State failed to prove his intent to commit theft; the court erroneously refused to quash a paragraph of the indictment in which was alleged a prior conviction to enhance punishment; the court erroneously refused to submit a jury charge on circumstantial evidence, and the punishment assessed is cruel and unusual.

Sergeant Joe Chacon, an eighteen year veteran of the El Paso Police Department, and his wife were awakened at 3:00 a. m. by a noise coming from the den of their home. They discovered the appellant whom they did not know and a female companion in the den. Entry to the Chacon home had been made through a back door after a screen had been cut. The appellant had a screw driver in his pocket which did not belong to Chacon. The appellant's female companion fled from the house and escaped. Sergeant Chacon subdued and handcuffed the appellant.

The appellant argues that the presumption that one who breaks and enters a building in the nighttime does so with the intent to commit theft does not apply in his case. The appellant when discovered in Sergeant Chacon's den stated that he was seeking a job. It is urged that the appellant's statement that he was seeking a job rebutted the presumption that he had the intent to commit theft. The appellant also argues that there is a conflict between the presumption of innocence and the presumption arising from breaking and entering a building in the nighttime and that the presumption of innocence must prevail. The latter contention shows a common misconception of presumptions and their functions. See 1 McCormick and Ray, Texas Law of

Evidence, Sec. 41, et seq. (2d ed. 1956). A conflict between presumptions is a legal impossibility. McCormick and Ray, Texas Law of Evidence, Sec. 54 (2d ed. 1956). Presumptions are not to be given the weight of evidence; they are procedural devices to determine which party must first produce evidence. This is also true as it relates to the presumption of innocence. Mr. Justice Holmes observed in his opinion in *Holt v. United States*, 218 U.S. 245, 31 S.Ct. 2, 54 L.Ed. 1021 (1910) that it was incorrect to charge a jury that the presumption of innocence is to be given the weight of evidence in the defendant's favor. See also *Agnew v. United States*, 165 U.S. 36, 17 S.Ct. 235, 41 L.Ed. 624 (1897) and 9 Wigmore, Evidence, Sec. 2511 (3rd ed. 1940).

■ Evidence that the defendant broke and entered and was found on the burglarized premises in the nighttime is sufficient evidence for the jury to infer that the defendant intended to commit the offense of theft. *Clark v. State*, 543 S.W.2d 125 (Tex. Cr.App.1976); *Lee v. State*, 459 S.W.2d 851 (Tex.Cr.App.1970); *Reed v. State*, 456 S.W.2d 393 (Tex.Cr.App.1970). The appellant's statement that he was seeking a job when he broke into the private residence at 3:00 a. m. is also evidence to be considered by the jury. The appellant's statement if it were believed to be true by the jury would have rebutted the inference that appellant had the intent to commit the offense of theft. However, the jury, as is its prerogative, obviously rejected the defendant's stated purpose for being in the Chacon den. The evidence is sufficient to prove the appellant broke and entered the Chacon residence with the intent to commit theft.

■ One of the prior felony convictions alleged to enhance appellant's punishment was a 1968 conviction for possession of narcotic drug paraphernalia, a violation of the former penal code. The appellant argues that the prior conviction cannot be used to enhance his punishment under the new penal code because the act of possessing nar-

cotic drug paraphernalia is no longer a felony offense under the new penal code. This same contention was found to be without merit in *Moreno v. State*, 541 S.W.2d 170, 174 (Tex.Cr.App.1976). We held in that case that a prior conviction for possession of narcotic paraphernalia, a felony under the former penal code, could be used to enhance punishment under the new penal code. V.T.C.A. Penal Code, Sec. 12.42. See also V.T.C.A. Penal Code, Sec. 12.41.

■ The appellant urges that the trial court erred when it refused to submit to the jury a charge on the law of circumstantial evidence. The appellant was found in Sergeant Chacon's home at 3:00 a. m. and there was evidence of a burglarious entry by way of a back door. In these circumstances a charge on circumstantial evidence was unnecessary. *Bircher v. State*, 491 S.W.2d 443 (Tex.Cr.App.1973); *Leaderbrand v. State*, 457 S.W.2d 557 (Tex.Cr.App.1970).

■ The appellant's complaint that life imprisonment, the punishment assessed as a matter of law because the appellant had been convicted of two prior felonies, is a cruel and unusual punishment is without merit. *Rummel v. Estelle*, —— U.S. ——, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980).

The judgment is affirmed.