Isham GRINAGE, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–81–00016–CR.

Court of Appeals of Texas,
San Antonio.

March 31, 1982.

Discretionary Review Refused
June 16, 1982.

Harry A. Nass, Jr., Oliver Chamberlin, San Antonio, for appellant.

Bill White, Dist. Atty., Anton Paul Hajek, III, Asst. Dist. Atty., San Antonio, for appellee.

Before ESQUIVEL, BUTTS and CANTU, JJ.

## OPINION

ESQUIVEL, Justice.

Appellant's motion for rehearing en banc is denied. However, the original opinion filed in this cause is withdrawn and the following opinion is substituted.

This is an appeal from a conviction for burglary of a building by concealment pursuant to Tex.Penal Code Ann. § 30.02(a)(2) (Vernon 1974). Appellant was found guilty by a jury and found to have been convicted of two prior felonies as alleged in the indictment. His punishment was assessed at life imprisonment.

In his first ground of error appellant challenges the sufficiency of the evidence. Appellant insists that we recognize the importance of this decision as a "landmark" case, as it touches upon the sufficiency of the evidence to sustain a conviction under Tex.Penal Code Ann. § 30.02(a)(2) (Vernon 1974). His argument appears to focus upon two facts which, if believed, would militate against conviction.[1] Presumably, the thrust of his contention is that the reviewing court is not permitted to view the evidence in the light most favorable to the jury verdict because appellant offered no evidence for the jury to disbelieve and elected to remain silent.[2]

Without benefit of authority, appellant would have this court rewrite the jurisprudence of this state relating to the duty of jurors as fact finders and the sanctity to be accorded their verdicts on appeal. It is not within the reviewing court's prerogative to declare what a jury should have believed or disbelieved. The reviewing court's only concern within this sphere of consideration is to determine whether any evidence of sufficient probative force was presented to the jury under appropriate rul-

---

1. Appellant accurately claims that the recitation of the facts of the case in the original opinion neglected to point out that eight other employees of the burglarized store had access to the drawer containing the missing state inspection stickers, and that the inner broken window did not yield appellant's fingerprints.

2. The test of sufficiency has never been applied differently by appellate courts simply because the accused offers no evidence. *See Jolly v. State*, 87 Tex.Cr.R. 288, 221 S.W. 279 (1920).

ings and instructions. *Parks v. State*, 156 Tex.Cr.R. 593, 245 S.W.2d 248 (1951).

■■■ If there is testimony sufficient to sustain the conclusion drawn, then the reviewing court is not at liberty to disturb the jury's verdict although it may be based on conflicting evidence and even though the reviewing court is inclined to disagree with it. *Ray v. State*, 160 Tex.Cr.R. 12, 266 S.W.2d 124 (1954). When the sufficiency of the evidence is challenged, we are required to review the evidence in the light most favorable to the verdict. *Little v. State*, 567 S.W.2d 502, 504 (Tex.Cr.App.1978). We hold that the evidence is sufficient to uphold appellant's conviction.

■■■ Elwin Williams, manager of a Firestone tire store in San Antonio, testified that he closed the store about 1:00 p.m. on September 25, 1976. The steel mesh gates to the open-air service area of the building and the doors to the building were properly locked. Williams remained in the store until all inner accesses to the warehouse area and service area of the building were closed and secured. He locked the building and went home. At 3:55 p.m. on the same date, Officer Oscar Gallo of the San Antonio Police Department was radio-dispatched to the Firestone store. A back-up policeman, Officer Jose Casias, and an employee of the alarm systems company that serviced the Firestone store were waiting outside the store when Williams returned to open the store. All of the gates and outside doors were still locked. Williams and the officers went inside the building and Williams discovered that a door leading from the warehouse section of the building to the salesroom area was broken. Officer Gallo found appellant in an upstairs wooden loft inside of the warehouse, hiding behind some tires with his shoes in his hand. This loft was not open to the public. Williams testified that he had not given consent to anyone to enter or remain in the store after 1:00 p.m., and the salesroom area of the building was the only portion of the building open to the public during business hours. A separately locked desk located in the sales area of the building had been broken into and some property was missing from the desk. This property was never recovered. Appellant's fingerprints were matched by Officer Crisantez, a fingerprint expert, to latent prints lifted from the broken door inside the store.

Viewing the evidence in the light most favorable to the verdict, as we must, we conclude that it is sufficient to support the jury verdict. *Esquivel v. State*, 506 S.W.2d 613 (Tex.Cr.App.1974); *Jones v. State*, 442 S.W.2d 698 (Tex.Cr.App.1969). Accordingly, appellant's ground of error number one is overruled.

Appellant contends in his second ground of error that the trial court committed reversible error in refusing to charge the jury on the law of circumstantial evidence. He submitted such a proposed charge together with his written objections to the court's charge. The pertinent paragraphs of appellant's objection to the charge of the court are as follows:

I.

The proposed charge of the Court does not contain a charge on the law of circumstantial evidence which is warranted and necessary under the facts in this case.

II.

That one of the elements of the offense is intent and the only evidence before the Court as to any intent is circumstantial.

Appellant's request was rejected by the court. In addition to his objection to the trial court that there was no direct evidence of intent, he now argues before us for the first time on appeal that there is no direct evidence of concealment and, therefore, that a charge on the law of circumstantial evidence was required.

To begin with, appellant labors under the erroneous belief that he has been convicted of concealment with intent to steal rather than for burglary by concealment. Under the instant indictment, the State was required to prove, as the corpus delecti of burglary under Tex.Penal Code Ann. § 30.-02(a)(2), an entry coupled with the intent to commit a felony or theft. In addition, the

State was obligated to prove that appellant, having entered the premises, remained concealed for purposes of effectuating a felony or theft.

■ When a person fails to leave a business establishment after it closes for business, his original entry becomes constructively nonconsensual. If the original entry by the person was impliedly conditioned by time, place and purpose and the consent to enter by the one in possession of the building, if he be a merchant [and it was impliedly conditioned for the purpose of doing business with the merchant only in the area set aside for that purpose], then the consent given to enter was not for all things and all purposes. *See Levesque v. State*, 63 Wis.2d 412, 217 N.W.2d 317 (1974).

The presence of the appellant in an area not normally accessible to the general public, under incriminating circumstances, at a time when consent to be on the premises was not intended, creates an inference of intent to steal. *Cf. Alvarado v. State*, 596 S.W.2d 904 (Tex.Cr.App.1980) [where evidence that the defendant was found inside burglarized premises in the nighttime was held to be sufficient for the jury to infer the defendant intended to commit theft] *and Williams v. State*, 537 S.W.2d 936 (Tex. Cr.App.1976) [where evidence in a burglary case was held to be sufficient for the jury to infer that entry by defendant was made with intent to commit theft].

■ Unlike earlier case law,[3] there is no requirement under current law that the entry upon the premises be procured through fraud. We hold that the presence of appellant, after hours, in an area of the premises not open to the general public, under incriminating conditions, together with other circumstances indicating the intent to commit theft, fully justified the jury's verdict.

■ Appellant also insists that the ultimate fact of concealment was at best circumstantial and should have required a charge. Assuming *arguendo* that the appellant's objection to the trial court's proposed charge properly informed the trial court of the defect now complained of, the trial court was not required to charge on circumstantial evidence unless the State's case was purely circumstantial. In simpler terms, a trial court is not required to charge on circumstantial evidence unless the evidence of the main fact essential to establish guilt is purely and entirely circumstantial. *Rodriguez v. State*, 617 S.W.2d 693 (Tex.Cr. App.1981).

In burglary cases, prior case law has held consistently that evidence that the accused was found or was seen inside the premises where he did not have a right to be, *with evidence of a breaking*, and under incriminating circumstances, constitutes direct proof of entry. *See Alvarado v. State*, 596 S.W.2d 904 (Tex.Cr.App.1980); *Morrow v. State*, 500 S.W.2d 811 (Tex.Cr.App.1973); *Bircher v. State*, 491 S.W.2d 443 (Tex.Cr. App.1973); *Alexander v. State*, 475 S.W.2d 772 (Tex.Cr.App.1972); *Harrington v. State*, 424 S.W.2d 237 (Tex.Cr.App.1968).

■ The difference between cases similar to the instant case *and* the cited cases is that, in cases such as the instant one, there will rarely be evidence of a breaking and entry. For that reason, it is clear that § 30.02(a)(2) implies an entry by conditional consent followed by concealment. We hold that proof of constructive entry together with evidence of concealment is sufficient to invoke the "close juxtaposition" doctrine, rendering a charge on circumstantial evidence unnecessary. *See Galvan v. State*, 461 S.W.2d 396 (Tex.Cr.App.1970).

■ A constructive entry is clearly supported by the evidence and, as such, constitutes direct evidence since it is accompanied by sufficient other circumstances indicating appellant's presence in the portion of the

---

**3.** *See Miller v. State*, 136 Tex.Cr.R. 345, 125 S.W.2d 596 (1939); *Malley v. State*, 58 Tex. Cr.R. 425, 126 S.W. 598 (1910); *Smith v. State*, Tex.Cr., 60 S.W. 668 (Tex.Cr.App.1901); *St. Louis v. State*, 59 S.W. 889 (Tex.Cr.App.1900); *Edwards v. State*, 36 Tex.Cr.R. 387, 37 S.W. 438 (1896); *See also* Art. 1389, Vernon's Ann. P.C. as amended by Acts 1967, 60th Leg., p. 1141, Ch. 505, § 1 which substituted the word "any" for the word "like" thereby enlarging the type of entry in burglary by concealment.

building not open to the public while hiding behind some tires. Although evidence of constructive entry or concealment *alone* would probably not suffice to invoke the rule of *Harrington,* together they are sufficient to invoke the rule expressed in *Galvan.*

The only element not supported by direct proof[4] is the intent of appellant, which may be inferred from circumstances in evidence. Under the circumstances, the appellant was not entitled to a circumstantial evidence charge. *Belcher v. State,* 504 S.W.2d 858 (Tex.Cr.App.1974). Appellant's second ground of error is overruled.

Appellant, during oral argument, abandoned his third ground of error challenging the constitutionality of Tex.Penal Code Ann. § 12.42(d) (Vernon 1974), in view of the recent Supreme Court opinion in *Rummel v. Estelle,* 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980). His contention is thus not before us.

In his fourth ground of error, appellant contends that the trial court committed reversible error in refusing to grant a mistrial because of prejudicial statements by the State's attorney during voir dire examination of one juror. Significantly, the *complete* voir dire of the entire panel is not in the record before us. It was appellant's responsibility to secure a transcription of the voir dire examination and have it included in the record before us, in order to enable us to review his contention. Tex. Code Crim.Pro.Ann. art. 40.09, § 5 (Vernon 1979). He failed to do so. Thus, nothing is presented for review, and the ground of error is overruled. *See Taylor v. State,* 612 S.W.2d 566, 570 (Tex.Cr.App.1981).

Appellant states in his fifth ground of error that the trial court committed reversible error in permitting the introduction of a prior felony for driving while intoxicated, subsequent offense, which occurred in the 147th Judicial District Court of Travis County in cause number 43,869, because the conviction did not affirmatively reflect that appellant was represented by counsel. The indictment in the "pen packet" used as evidence to prove the first enhancement allegation in this case alleges that:

> ... Isham Grinage on or about the 14th day of March A.D. 1972 did ... while intoxicated and under the influence of intoxicating liquor, drive and operate a motor vehicle upon a public road in said county and state; and that before the commission of the aforesaid offense, the said Isham Grinage was duly and legally convicted of a misdemeanor on the 14th day of October, 1970, in the County Court (At Law No. 1) of Travis County, Texas in Case No. 113,033 on the docket of said Court, ... said conviction being for the offense of driving and operating a motor vehicle ... while intoxicated and under the influence of intoxicating liquor, and the judgment of conviction therein became final prior to the commission of the offense hereinbefore alleged in and by this indictment ....

The record reflects that the appellant plead guilty to the offense in the first enhancement paragraph on July 17, 1972. The judgment of conviction in cause number 43,869 clearly states that the appellant was represented by counsel at the time of his plea of guilty. There is no testimony before us in the record that the appellant had been denied his right to counsel at the time of his conviction for the misdemeanor offense of driving while intoxicated; there are only the statements of his attorney during the instant trial when the attorney objected to the introduction of the judgment of conviction for the felony offense of driving while intoxicated, subsequent offense, and the statements of his attorney during the hearing on the motion for new trial. We hold that there is no evidence before us to conclude that the appellant was denied his right to counsel. We further hold that since the judgment of conviction for the misdemeanor conviction of driving while intoxicated is not before us, we must assume

---

4. When properly invoked, the "close juxtaposition" doctrine renders the evidence equivalent to direct evidence. *Galvan v. State, supra.*

that it was duly and legally entered. Moreover, the burden is upon appellant in such a case to come forward and prove that he was denied assistance of counsel. *See Boss v. State*, 489 S.W.2d 580, 581 (Tex.Cr.App. 1972). The appellant has failed to meet this burden. The ground of error is overruled.

The judgment of the trial court is affirmed.