James Cummings STEWART,
III, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 05–87–01307–CR, 05–87–01308–CR.

Court of Appeals of Texas,
Dallas.

Dec. 22, 1988.

John H. Hagler, Dallas, for appellant.

Donald G. Davis, Dallas, for appellee.

Before DEVANY, STEWART and KINKEADE, JJ.

DEVANY, Justice.

Appellant, James Cummings Stewart, III, appeals a jury conviction of two murders. The jury assessed punishment at life

imprisonment and a $10,000 fine. In seven points of error appellant asserts that the trial court erred in (1) allowing a judgment against appellant because the evidence was insufficient to prove that appellant murdered Stan Frank, (2) allowing a judgment against appellant because the evidence was insufficient to prove that appellant murdered Roger Lawson, (3) failing to allow appellant to present testimony that the appellant had not been indicted in 1981 for the present offenses, (4) admitting testimony concerning the advice given by appellant's attorney to appellant's wife regarding common-law marriage and the husband-wife privilege, (5) failing to dismiss appellant's case based upon appellant's constitutional right to a speedy trial, (6) failing to suppress appellant's illegally seized billfold and suitcase, and (7) allowing extraneous offenses to be mentioned with the jury present, even though the jury was instructed to disregard such offenses. We overrule all of appellant's points of error and, accordingly, affirm the judgment of the trial court.

■ Appellant's first and second points of error are addressed together. Appellant complains that there was insufficient evidence to prove that he murdered Stan Frank and Roger Lawson. In reviewing factual insufficiency points, the court of appeals will consider all the evidence in the record that is relevant to the fact being challenged. The court may set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. "The reviewing court's only concern within this sphere of consideration is to determine whether any evidence of sufficient probative force was presented to the jury under appropriate rulings and instructions." *Grinage v. State*, 634 S.W.2d 863, 864–65 (Tex.App.—San Antonio 1982, pet. ref'd). The reviewing court will determine whether, evaluating all the evidence in the light most favorable to the verdict, any rational trier of fact could have found all the elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560.

We have reviewed the record carefully and conclude that it contains sufficient evidence to support the trial court's judgment. That evidence includes the fact that appellant and one of the victims were alone in the victim's house at the time of the victim's murder, that appellant came out of the house, grabbed the second victim and stabbed him in the stomach area, and that the former wife of appellant saw a knife in appellant's hand immediately after the stabbing. These and other facts established at trial were sufficient to sustain the verdict of guilty. Appellant's first two points of error are overruled.

■ In his third point of error, appellant complains that the trial court erred in disallowing testimony which would have established that appellant was not indicted by the grand jury for the crime in 1981, when it occurred. The fact that an accused was not indicted immediately following the commission of a crime is immaterial and, therefore, inadmissible as evidence in a trial where the defendant is later indicted for the crime. *Smith v. State*, 474 S.W.2d 486, 489 (Tex.Crim.App.1971). Appellant urges that the prior lack of indictment was material and should have been allowed as evidence at the trial to discredit the former wife because his former wife did not testify before the first grand jury investigation but she did testify before the second grand jury investigation. This argument is without merit since the appellant had the opportunity to discredit his former wife during cross-examination at the trial. The fact that an earlier grand jury investigation, without the benefit of the former wife's testimony, failed to indict appellant does nothing further to discredit the former wife. One of the purposes of cross-examination at trial is to discredit a witness. A failure to indict by a grand jury only indicates a lack of evidence to support an indictment. The second grand jury investigation included the testimony of appellant's former wife; hence, there was additional information to support an indictment. The difference in the two grand jury investigations appears to have been the testimony of the former wife, and her testimony could

have been and was challenged at trial. Appellant's third point of error is overruled.

■ In his fourth point of error, appellant complains that the trial court erred in admitting that portion of the former wife's testimony to the effect that when the appellant was first arrested, before his divorce from his former wife, his wife had a conference with appellant's attorney and at that conference the attorney advised her that she did not have to testify against her husband. TEX.R.EVID. 504. The wife remained silent until after she divorced appellant, at which time she came forward to testify against appellant. Appellant's objection appears to be directed at the testimony of what the attorney told the former wife at the conference, which would constitute hearsay.

Under Texas Rule of Criminal Evidence 801(d), hearsay is defined as a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. However, the matter asserted in this case was that the appellant's attorney and the former wife had a conference about the husband-wife privilege. The testimony was offered to explain why the former wife delayed in coming forward with her testimony, not to prove the truth of what the attorney told the wife. "An out-of-court statement offered for the purpose of *showing what was said* rather than the truth of the matter stated therein does not, however, constitute hearsay." *Livingston v. State*, 739 S.W.2d 311, 331 (Tex. Crim.App.1987). (Emphasis in original.) We overrule appellant's fourth point of error.

■ Appellant's fifth point of error contends that the trial court erred because it failed to dismiss the cases against appellant based on a violation of his right to a speedy trial because seven years had elapsed between the date of the offenses and the trial.

■ The right to a speedy trial does not attach until a person becomes an accused, an event that occurs only when the person is indicted. *United States v. Mar-*

*ion*, 404 U.S. 307, 313, 92 S.Ct. 455, 459, 30 L.Ed.2d 468 (1971). "The speedy trial guarantee is designed to minimize the possibility of a lengthy incarceration prior to trial ... and to shorten the disruption of life caused by arrest and the presence of unresolved criminal charges." *United States v. MacDonald*, 456 U.S. 1, 8–9, 102 S.Ct. 1497, 1502, 71 L.Ed.2d 696 (1982). Once charges are dismissed, a speedy trial guarantee is no longer applicable because a citizen no longer suffers restraints on his liberty. *MacDonald* at 9, 102 S.Ct. at 1502. In this case, appellant was arrested and a grand jury investigation began. The grand jury did not indict the appellant resulting in charges being dropped and appellant being released. Seven years later a new witness appeared in the person of appellant's former wife and a new investigation began resulting in a grand jury indictment and trial seven months later. Appellant does not complain that the seven months was unreasonable, only that the seven years that elapsed between the date of the offenses and the trial was unreasonable. Appellant further argues that the seven year delay violated his right to a speedy trial under Article I, section 10 of the Texas Constitution and article 1.05 of the Texas Code of Criminal Procedure, claiming that those provisions imposed conditions upon the State that were not met. As in *MacDonald*, the Texas courts have also determined that a person's right to a speedy trial usually attaches from the time that the indictment is presented. *Courtney v. State*, 472 S.W.2d 151, 153 (Tex. Crim.App.1971). Appellant was not deprived of his right to a speedy trial as he complains and, accordingly, we overrule his fifth point of error.

In his sixth point of error, appellant states that the trial court erred in failing to suppress an illegally seized billfold and suitcase. These items do not appear to have been introduced into evidence at the trial and appellant fails to inform us where in the record we might note their introduction. Under Texas Rule of Appellate Procedure 52, in order to preserve a complaint for appellate review, a party must object and obtain a ruling from the trial court on

the matter in dispute. This rule assumes that any matter brought on appeal must be in the record. Since the billfold and suitcase were not used by the State in its case, appellant has no complaint. His sixth point of error is overruled.

 In his seventh point of error, appellant states that the trial court erred in allowing the introduction of unproven extraneous offenses into evidence. During the punishment phase of the trial, the prosecutor asked a State trooper about a series of arrests of appellant on various dates. In each instance the trooper answered that he was not aware of any of such arrest. Appellant "challenged the record" on these accusations by the State. The court then asked to see all the documents being used by the State as a basis for the questions and the jury was retired during the examination and discussion. The court determined from its examination that the State was in good faith in asking the questions based upon the documentation, but further determined that the documentation was inconclusive as to any of the arrests. Before the jury was called back, the appellant objected to the questions by the State of the alleged arrests and stated that even the most cautious instruction to the jury to disregard could not remove the damage that had been done by the questions about the non-existent extraneous offenses. This objection was overruled and a mistrial was denied. The court then called the jury back and carefully instructed the jury that the court had examined the State's documents and found that "[t]here is no evidence that the Defendant has ever been arrested for the offense of DWI or driving while intoxicated or assault and there were some questions asked that would leave you with that impression." The court then proceeded to carefully and explicitly inform the jury to disregard those questions, not to consider them for any purpose, not to discuss them, and not to allude or refer to them for any purpose. The court further told the jury that to do so would be unfair because there was no evidence that the appellant had been arrested for DWI or for assault. Appellant repeated his objection and moved for a mistrial, which was denied.

Any error that occurs in asking an improper question may generally be cured or rendered harmless by a withdrawal of such testimony and an instruction to disregard. *Livingston,* 739 S.W.2d at 335. Considering the court's very careful, detailed, and explicit instruction to disregard such questions, plus the fact that the trooper had responded that he was not aware of any of those arrests, any harm to the appellant appears to have been cured. We overrule appellant's seventh point of error.

The judgment of the trial court is affirmed.