In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00106-CR
______________________________


MATTHEW PHILLIPS, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 202nd Judicial District Court
Bowie County, Texas
Trial Court No. 00F0624-202


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION

            Correctional officer Daniel Simmons was performing a search of an empty cell. When the
occupant of that cell, appellant Matthew Phillips, returned unexpectedly, a fight ensued between
Phillips and Simmons. For his role in the fight, the trial court convicted Phillips of assault on a
public servant and sentenced him to twenty-five years' imprisonment.



            Court-appointed counsel for Phillips has filed with this Court a brief in support of a motion
to withdraw as counsel. See Anders v. California, 386 U.S. 738, 741–42 (1967). With appropriate
citation to the record and the procedures followed in the prosecution of the case, and the application
of appropriate legal authorities as necessary, counsel presents to this Court a professional evaluation
of the record demonstrating why there are no arguable grounds to be advanced on appeal. See id.;
High v. State, 573 S.W.2d 807, 811 (Tex. Crim. App. 1978). Specifically, counsel examines the
sufficiency of the indictment, the legal and factual sufficiency of the evidence, and the effectiveness
of Phillip's trial counsel, and concludes the trial court committed no error. Counsel also considers
issues related to sentencing and concludes the trial court properly sentenced Phillips.  
            Phillips was provided with a copy of counsel's brief and advised of his right to examine the
appellate record and to file a brief pro se. He has not, however, filed one.
            We note the long time period between indictment and trial in this case. Because of that lapse
of time, we address a possible speedy trial violation.
            The Sixth Amendment guarantee to a speedy trial does not specify time limits, leaving the
question of whether a speedy trial was denied to be decided case by case. Texas law restates this
guarantee. Tex. Code Crim. Proc. Ann. art 1.05 (Vernon 1977). The right to a speedy trial
attaches when an individual is arrested or when a charging instrument is filed. United States v.
Marion, 404 U.S. 307, 320 (1971); Stewart v. State, 767 S.W.2d 455, 457 (Tex. App.—Dallas 1988,
pet. ref'd).
            The constitutional balancing test calls for consideration of the length of the delay, the causes
of the delay, and the extent of the defendant's assertion of the right to a speedy trial. Barker v.
Wingo, 407 U.S. 514 (1972). Additionally, the trial court assesses the nature and degree of any
prejudice to the defendant resulting from the delay. Id. The trial court makes its determination
regarding a violation of the defendant's right to a speedy trial de novo. Clarke v. State, 928 S.W.2d
709, 713 (Tex. App.—Fort Worth 1996, pet. ref'd).
            The length of the delay serves as a trigger for further examination of the other factors. Here,
Phillips' indictment was returned October 26, 2000. His trial was not held until January 23, 2003. 
So, nearly two years and three months passed between the date Phillips' right to a speedy trial
attached and the date trial was held. This period of time, while it is not an automatic denial of
Phillips' constitutional right, represents a time period sufficient to warrant consideration of the
remaining factors. See Barker, 407 U.S. at 533–35. We weigh the length of the delay in light of the
circumstances surrounding the case. See Davison v. State, 510 S.W.2d 316, 320 (Tex. Crim. App.
1974).
             The third factor in the balancing test, the extent of the defendant's assertion of his or her right
to a speedy trial, carries a great deal of weight. See Barker, 407 U.S. at 532. Failure to assert the
right to a speedy trial will work against an individual's claim of a violation and, conversely, urging
the right in a timely and vigorous way will weigh in favor of the claim. See Easley v. State, 564
S.W.2d 742, 745 (Tex. Crim App. 1978); Turner v. State, 545 S.W.2d 133, 138 (Tex. Crim. App.
1976). Here, Phillips asserted his right to a speedy trial in a somewhat indirect manner in his
Objection to the Placement Order of Cases for Trial on the Court's Docket and requested the trial
court to call the cases chronologically. Since it appears that Phillips' contention centered around the
delay in bringing the cause to trial, we consider the attempt as at least a minimal effort to assert his
constitutional right to a speedy trial.
            The cause for the delay, however, will undermine the effect that Phillips' assertion has on the
balancing test. Here, the record reveals that Phillips sought a psychological evaluation to determine
his competency to stand trial and for the purpose of asserting the defense of insanity. The evaluation
was substantially delayed because, it seems, there was difficulty transporting Phillips among
facilities. The record further demonstrates Phillips created a great deal of the delay by filing several
motions. 
            In a related inquiry, we consider the prejudice to Phillips. The fact that he is already
incarcerated does not mean Phillips would suffer no prejudice due to delay. See Turner, 545 S.W.2d
at138–39 (holding defendant who is already incarcerated under separate sentence may suffer
prejudice from delay such as losing opportunity for concurrent sentencing, parole, or pardon). Here,
however, the prejudice would be minimal or nonexistent since he was responsible for much of the
delay and since he made no showing the delay deprived him of any rights. The defendant has the
burden to make a prima facie showing of some prejudice. Harris v. State, 489 S.W.2d 303, 308
(Tex. Crim. App. 1973). The burden then shifts to the State to show that the accused suffered no
serious prejudice. Id. The Court has before it nothing that could be seen as a showing of some
prejudice.
            Therefore, despite the long time between indictment and trial, an evaluation of the
circumstances of Phillips' case demonstrates no violation of his right to a speedy trial. The causes
of the delay, which appear to be initiated in large part by Phillips, and the one instance in which
Phillips urged the State to move forward, weigh against finding a violation. Further, Phillips had
the burden of proving some prejudice, which he failed to do.
 
 
 
 
             Having reviewed the record and looked for and found no violation of the right to a speedy
trial, we agree with appellate counsel's conclusion that there are no meritorious grounds to be
advanced on appeal. Accordingly, we affirm the trial court's judgment.


                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          December 31, 2003
Date Decided:             February 18, 2004

Do Not Publish